In re Robert W. BLACK and Mary S. Black, Debtors.

FEDERAL TRADE COMMISSION, Plaintiff,

v.

Robert W. BLACK and Mary S. Black, Defendants.

Bankruptcy No. 88–5420–9P7.
Adv. No. 88–470.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 23, 1989.

Allen W. Hile, Arlington, Va., for plaintiff.

William Shields, Tampa, Fla., for defendants.

## ORDER ON MOTION TO DISMISS, MOTION TO STRIKE AND MOTION FOR MORE DEFINITE STATEMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matters under consideration are 1) a Motion to Dismiss the above-captioned adversary proceeding filed by Robert W. Black and Mary S. Black, his wife (Debtors); 2) A Motion to Strike filed by the Federal Trade Commission (Commission);

and 3) a Motion for More Definite Statement filed by the Debtors.

The Motion to Dismiss challenges the Commission's right to maintain the Complaint in which the Commission seeks a determination that certain liabilities of these Debtors shall be declared to be non-dischargeable based on § 523(a)(2)(A) of the Bankruptcy Code. The Motion to Strike filed by the Commission is addressed to the five affirmative defenses filed by the Debtors.

Commission's Right to Sue/Standing of the Commission to Assert a Claim of Non-dischargeability Pursuant to § 523(c)

The Motion to Dismiss filed by the Defendants is based on the contention first that the Commission is not a creditor; second, that the alleged debt is unliquidated, contingent and disputed; and, third, that the Commission has no statutory authority to bring this adversary proceeding. In addition, the Debtors also urge that the Complaint is defective for several reasons, all of which are primarily based on the proposition that the claim of the Commission is allegedly based on the violation of Title 15, § 45(a) and § 53(a) and the implementing Regulation Z, 12 C.F.R. § 226.2(a)(17) which, according to the Debtors, forms no basis for the Commission's right to maintain this adversary proceeding.

It should be noted at the outset that the provisions of the Code dealing with the question of discharge of individual debtors just as previous legislation dealing with this subject, Section 14 of the Bankruptcy Act of 1898, recognized a time-honored principle that provisions dealing with this subject are remedial and were designed by Congress to give fresh start in life of debtors unhampered by the pre-existing burdens of financial stress. *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124. Therefore, the exception should be literally construed in favor of debtors and against parties who seek to prevent the discharge or seek to obtain a declaration of non-dischargeability.

The right of a party to challenge the dischargeability of a particular obligation of a debtor pursuant to any of the sub-clauses of § 523 is set forth in § 523(a), (c) which provides that the debtor is discharged from the debts specified in § 523(a)(2), (4), *or* (6), *unless on request of a creditor to whom such debt is owed*, the court determines such debt to be excepted from discharge. (emphasis supplied) Thus, the right to challenge dischargeability is reserved to "creditors".

The term "creditor" is defined in § 101(9) which reads as follows:

§ 101(9)

"**creditor**" means—

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f) or 502(i) of this title; or

(C) entity that has a community claim;

The term "claim" is defined in § 101(4) which reads as follows:

§ 101(4)

"**claim**" means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; ....

The term "debt" is defined in § 101(11) and reads as follows:

101(11)

"**debt**" means liability on a claim; ....

Thus, it should be evident from the foregoing that the ultimate question is whether or not the Commission is a "creditor" within the meaning of the Bankruptcy Code. The question has been considered by several courts in a different context, usually when the right of a government agency was to file a proof of claim and bankruptcy was challenged. For instance, in the case

of *Nathanson v. National Labor Relations Board*, 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952), the Supreme Court considered whether the N.L.R.B. was a creditor within the meaning of the Bankruptcy Act. The Supreme Court concluded that the N.L.R.B. was, in fact, a creditor. In reaching this conclusion, the Supreme Court stated:

> The Board is the public agent chosen by Congress to enforce the National Labor Relations Act. *Amalgamated Utility Workers v. Consolidated Edison Co.*, 309 U.S. 261, 269, 84 L.Ed. 738, 743, 60 S.Ct. 561 [565]. A back pay order is a reparation order designed to vindicate the public policy of the statute by making the employees whole for losses suffered on account of an unfair labor practice. *Phelps Dodge Corp. v. National Labor Relations Board*, 313 U.S. 177, 197, 85 L.Ed. 1271, 1284, 61 S.Ct. 845 [853], 133 ALR 1217. Congress has made the Board the only party entitled to enforce the Act. A back pay order is a command to pay an amount owed the Board as agent for the injured employees. The Board is therefore a claimant in the amount of the back pay.

In this case the N.L.R.B. sought to recover a money judgment to enforce the claim of union employees who suffered losses based on the unfair labor practices of the employer. The court noted that Congress made the Board the only party eligible to enforce the type of claim involved. In the case of *In re Evans Products Co.*, 60 B.R. 863 (S.D.Fla.1986), the District Court, on appeal from the bankruptcy court, concluded that the Federal Trade Commission, which sought permanent injunction and other equitable relief, including restitution against a debtor based on the debtor's alleged violation of the Federal Trade Commission Act was a creditor on its own right, not merely a class representative creditor. Based on the foregoing, the District Court concluded that the Federal Trade Commission has a valid claim of its own and, therefore, the order disallowing the claim was improper and the claim should have been allowed. In the case of *In re DeFelice*, 77 B.R. 376, 378–79 (Bankr.D.Conn.1987), the bankruptcy court concluded that the Attorney General of New York, who sought not only an injunction but also restitution, had standing to bring the suit based on the statutory mandate which authorized the Attorney General to carry out the public policy to prohibit deceptive business practices to redress consumers' losses resulting from a debtor's fraud. Based on the foregoing, the bankruptcy court concluded in *DeFelice* that the Attorney–General of New York had standing to challenge the dischargeability of a debt allegedly owed by the debtors resulting from conduct which was found to be in violation of the consumer protection Statutes which conduct amounted to consumer fraud. The court in *DeFelice* relied for its conclusion on the proposition that the Attorney–General was entitled to act as *parens patriae* on behalf of victims of consumer frauds and it would have been against public policy to deny the Attorney–General the right to assert a claim of non-dischargeability. Therefore, the Commission had the right to protect the victims and seek a determination that the fraudulent conduct of the debtor would not be protected by the bankruptcy discharge. According to the court, bankruptcy courts were not designed by Congress to operate as a haven for wrongdoers.

As noted, the Court in *DeFelice, supra*, heavily relied on basic public policy based on the proposition that Congress did not intend that bankruptcy courts shall be used "as a haven for wrongdoers", *citing In re Berry Estates*, 812 F.2d 67, 71 (2d Cir. 1987); *In re Flight Transportation Corp. Securities Litigation*, 730 F.2d 1128, 1136–1137 (8th Cir.1984), *cert. denied*, 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985); *In re Teltronics, Ltd.*, 649 F.2d 1236, 1239–42 (7th Cir.1981); 2 *Collier on Bankruptcy*, ¶ 362.05, at 362.42; *Giummo v. Citibank, N.A.*, 107 Misc.2d 895, 436 N.Y.S.2d 172, 174 (N.Y.Civ.Ct.1981)

The statement by the court in *Berry*, while superficially very attractive, bears no close analysis and is really not quite correct. For instance, there is no question that the liberal discharge provisions of

Chapter 13, § 1328 of the Bankruptcy Code discharges all debts of a Chapter 13 debtor including debts which are based on fraud, conversion, willful and malicious injury to person or property, all of which would not be dischargeable in a Chapter 7 case otherwise under § 523(a)(2), (4) and (6).

■ While this Court is not in full agreement with the reasoning of *DeFelice*, it is satisfied that based on *Evans Products Co., supra,* the Commission is a creditor on its own right and, therefore, under § 523(c) of the Code has standing to bring a complaint seeking the determination of a non-dischargeability of a debt. This Court is not oblivious of several cases which rejected the right of a party to file a *proof of claim* on behalf of a class. *In the Matter of GAC Corp.,* 681 F.2d 1295 (11th Cir. 1982); *In the Matter of Baldwin–United Corp.,* 52 B.R. 146 (Bankr.Ct.S.D.Ohio 1985); and *In re Johns–Manville Corp.,* 53 B.R. 346 (Bankr.Ct.S.D.N.Y.1985). This Court has no difficulty to accept the holding of these cases but any reliance on these cases is misplaced. All these cases involved individual creditors who attempted to file proof of claims on behalf of a class. Clearly, there is no provision either in the Bankruptcy Code or the Bankruptcy Rules which permits proofs of claim to be filed on behalf of a class. The only provision in the Rules which deals with class actions is Bankruptcy Rule 7023. Obviously, filing a proof of claim is not an adversary proceeding. Therefore, the reliance on this Rule is misplaced. Moreover, this Court is in agreement with the proposition that to file a proof of claim on behalf of a class would circumvent the stringent procedural provisions of F.R.C.P. 23 as adopted by Bankruptcy Rule 7023.

Having concluded that this is not a class action and the Commission has asserted its claim of non-dischargeability on its own right pursuant to the Congressional mandate, the Commission is a creditor who may file a complaint pursuant to § 523(c) of the Bankruptcy Code and seek a determination of the non-dischargeability of the liability, if one exists, of these Debtors based on § 523(a)(2)(A).

## Motion to Dismiss for Failure to State a Claim

■ It should be noted at the outset that when a court is called upon to rule upon the Motion to Dismiss a complaint, all well-plead facts shall be considered in favor of the pleader and against the moving party and courts are generally reluctant to dismiss a complaint so long as the complaint sets forth sufficient allegations which as established would entitle the pleader to the relief sought. The section under which the Commission asserts its claim for non-dischargeability is § 523(a)(2)(A) which provides as follows:

### § 523. EXCEPTIONS TO DISCHARGE

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; ....

The legal sufficiency of the complaint is challenged by the Debtors on the grounds first that the alleged debt sought to be declared to be non-dischargeable is "unliquidated, contingent and disputed"; second, that any violation of 15 U.S.C. §§ 45(a) and 53(a) and implementing Regulation Z, 12 C.F.R. § 226.2(a)(17) cannot form the basis for a non-dischargeability claim under § 523(a)(2)(A). The first ground urged by the Debtor for dismissal is without merit. This is so because the fact that the claim is unliquidated, contingent and disputed is without significance. As discussed earlier, the term "claim" as defined by § 101(4)(a) is the right to payment including unliquidated, contingent and disputed claims. This is so in spite of the language of § 523(c) which reserves the right to sue under § 523(c) to the creditor to whom the debt is owed having concluded that the Commission has standing to seek a determination of non-dischargeability of the debt if one exists owed by these Debtors.

■ The Complaint filed by the Commission is one single Count and basically alleges that the Commission is a creditor of these Debtors who are, according to the Commission, liable in an amount not less than $1,500,000. It further alleges that this amount is a contingent "liability" resulting from a pending lawsuit, *FTC v. Discount Travel Service, Inc., et al.*, 88–113–CIV–FtM–15C. In the United States District Court for the Middle District of Florida. According to the Complaint, this suit is based on an alleged violation by these Defendants of 15 U.S.C. § 45(a) and § 53(b). It further alleges that the liability alleged of these Debtors is based on the alleged violation of Sections 5 and 13(b) of the Federal Trade Act and § 161 of the Truth in Lending Act, 15 U.S.C. 1666(e) and its implementing Regulation Z, 12 C.F.R. § 226.2(a)(17). The Complaint set forth nothing more than conclusionary allegations that these Debtors obtained money, property or services by false pretenses, false representations, or actual fraud. The Complaint is totally devoid of any allegations of facts which would even intimate false pretenses or misrepresentations of the facts which would support the claim of fraud. In addition, F.R.C.P. 9 as adopted by Bankruptcy Rule 7009 would require that all averments of fraud must be stated with particularity. It is evident from the foregoing that the Complaint is legally deficient first because any alleged violation of the Truth in Lending Act of any provisions of the Federal Trade Commission Act cannot form any basis of a claim of non-dischargeability and has no relevance whatsoever to these adversary proceeding. Second, because the Complaint lacks sufficient facts which would make out the viable claim of non-dischargeability. In this conclusion it also should be noted that the complaint fails to identify one single creditor on whose behalf the Commission seeks to assert a claim of fraud by these Defendants. For this reason, this Court is satisfied that the Debtors' Motion to Dismiss the Complaint based on the Commission's failure to state a claim is well taken and should be granted.

## Motion to Strike the Affirmative Defenses

■ The first so-called affirmative defense is based on the statement by the Debtors that they have not violated any provisions of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a) or of the Truth in Lending Act, 15 U.S.C. § 1666(e) or its implementing Regulation Z, 12 C.F.R. § 226.2(a)(17). Even a cursory reading of this so-called affirmative defense leaves no doubt that it is *not* an affirmative defense at all, but basically nothing more than a denial of the allegations set forth in the complaint by the Commission. Moreover whether or not these Debtors did or did not violate the Statute relied on by the Commission is a non sequitur and is without significance. This is so because even if they did violate the statute, the alleged violation, has no direct bearing on the character of the liability of these Debtors, if one exists. That is, whether or not their liability is the type which is within the provisions of § 523(a)(2)(A), therefore excepted from the protection of the general bankruptcy discharge.

A second so-called affirmative defense is based on the proposition urged by the Debtors that the Commission lacks authority "to bring claims or act as counsel for people or agents for people who have consumer claims in the bankruptcy court which are contingent, disputed and unliquidated." While it is difficult to discern precisely what this defense purports to project, the most charitable reading indicates what the Debtors have attempted is to state is that the Commission has no standing to assert the claim of non-dischargeability in a bankruptcy court on behalf of other parties who might have a valid claim assertable in bankruptcy, albeit contingent, disputed and unliquidated. In its Motion to challenge the legal viability of this so-called affirmative defense, the Commission contends that pursuant to the express authority granted by Congress it has filed a civil enforcement action in the District Court in which it seeks not only equitable relief, including injunctions, but also an order to freeze the assets of the

Debtors, to compel disgorgement and restitution by the Debtors to the injured customers. In addition, the Commission also seeks monetary redress based on the alleged fraudulent activity which, according to the Commission, the Debtors did commit by violating §§ 5 and 13(b) of the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 53(b). It is the contention of the Commission that these Debtors should not be permitted to thwart the Commission in its pursuit to enforce the law; and they should not be permitted to seek refuge in the bankruptcy court and avoid their legal obligations to pay restitution to customers if one is ordered, and escape their responsibility to respond to any judgment which the Commission might obtain in the District Court. Inasmuch as this so-called affirmative defense, which is not really an affirmative defense at all, goes to the heart of the matter of this controversy, that is, the standing of the Commission to assert the claim of non-dischargeability, this issue will be discussed below in greater detail.

The third remaining so-called affirmative defense is based on the proposition that the Commission did not issue a cease and desist order before it filed its suit in the federal District Court; that the Complaint filed in the District Court by the Commission does not allege a failure by the Defendants to comply with such cease and desist order. This obviously has nothing to do with any controversy relating to dischargeability of debts allegedly owed by these Debtors, therefore, it is clearly not an affirmative defense and should be stricken.

The fourth affirmative defense is based on the proposition that under the law, the Commission is entitled only to equitable relief relating to advertising matters. This again has no relevance to the question of dischargeability, and, therefore, also should be stricken.

The fifth affirmative defense states that the Complaint failed to state a cause of action. This is not an affirmative defense (See F.R.C.P. 8 as adopted by Bankruptcy Rule 7008), but rather an issue to be raised by Motion to Dismiss F.R.C.P. 12(b)

as adopted by Bankruptcy Rule 7012(b). Therefore, this affirmative defense should also be stricken.

In sum, there is no question that the only viable issue remaining for resolution is whether or not the Commission has standing to assert a claim of non-dischargeability on behalf of unidentified, unnamed consumers who allegedly have been defrauded by the business practices of these two Debtors.

In light of the foregoing, it is unnecessary to rule on the Motion for More Definite Statement.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion to Dismiss be, and the same is hereby, granted, and the Complaint be, and the same is hereby, dismissed without prejudice, with leave granted to the Commission to refile an amended complaint within fifteen (15) days from the date of entry of this Order. In the event a Complaint is filed, Defendant shall have ten (10) days from receipt of same to file an answer or responsive pleading. If no amended complaint is filed, the Complaint shall stand dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Strike be, and the same is hereby, granted, and the affirmative defenses asserted by the Defendants be, and the same are hereby, stricken. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for More Definite Statement be, and the same is hereby, denied as moot.

DONE AND ORDERED.