In re Paul A. BILZERIAN, Debtor.

SECURITIES AND EXCHANGE COMMISSION, Defendant,

v.

Paul A. BILZERIAN.

Bankruptcy No. 91–10466–8P7.
Adv. No. 92–605.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 16, 1993.

Order on Reconsideration of Motion to Dismiss Feb. 22, 1993.

Barry Goldsmith, Catherine Shea, and Lucinda Burwell, S.E.C., Washington, DC, Steven A. Nisbett, Office of U.S. Atty., Tampa, FL, for plaintiff.

Paul Bilzerian, pro se.

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case, originally commenced by a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code filed by Paul A. Bilzerian (Debtor), but converted on October 22, 1992 to a Chapter 7 liquidation case. The Debtor is named as Defendant in the above-captioned adversary proceeding filed by the Securities And Exchange Commission (Commission) pursuant to § 523(c) of the Bankruptcy Code in which it asserts a claim of nondischargeability based on § 523(a)(2)(A).

In support of its claim of nondischargeability the Commission, in its one-Count Complaint, alleges that the Debtor was convicted of violating several federal securities laws of the United States in connection with the Debtor's activities with the attempted leveraged buy-out of Cluett, Peabody & Coe (Cluett), and Hammermill Paper Company (Hammermill); that the Commission also filed a civil action in the United States District Court in the District of Columbia and sought injunctive and other equitable relief against the Debtor; that the Commission's Motion for Partial Summary Judgment was granted by the District Court in that action. The Court in its Order found that the Debtor committed

securities violations and permanently enjoined the Debtor from future violations of the federal securities laws. Although the injunction granted by the District Court was extremely broad, the Judgment entered did not order the Debtor to disgorge any monies and pay anything to the Commission. Notwithstanding, the Commission claims to be a creditor of the Debtor and claims it has a standing to assert a claim of nondischargeability pursuant to § 523(c) of the Bankruptcy Code. In addition, the Commission also filed a Motion for Final Judgment in the civil suit seeking a disgorgement of $35,316,711.50 from the Debtor. The Motion filed by the Commission is still pending before the District Court and awaiting ruling. This is the amount the Commission seeks to except from the overall protection of the general discharge based on § 523(a)(2)(A).

In support of its claim the Commission, in its Complaint, merely recited verbatim part of the language of subsection of § 523(a)(2)(A) "that the debtor obtained money by false pretenses, a false representation (sic), or actual fraud ... other than a statement respecting the Debtor's financial condition." The Commission did not allege any facts which would establish, even if proven, a viable claim under § 523(a)(2)(A).

Although the Debtor was originally represented by counsel, counsel's Motion to Withdraw was granted and at this time the Debtor is litigating this adversary proceeding *pro se*. It appears that the Debtor used his time productively and brushed-up on the legal principles which govern the exceptions to discharge while he was an involuntary guest of the Federal Government and, being confident he can handle this matter himself, filed the Motion for Judgment On The Pleadings, the Motion under consideration. In his Motion, the Debtor contends that, based on the allegations in the Complaint filed by the Commission and on his Answer, he is entitled to immediate resolution of the claim of nondischargeability in his favor as a matter of law. The Answer filed by the Debtor basically contains some general denials of the allegations set forth in the Complaint of the Commission but also put in issue the

following several special defenses: 1) whether or not the Complaint stated a claim for which relief can be granted; 2) the Commission has no standing to assert a claim of nondischargeability because the Commission is not a creditor of the Debtor; and 3) the claim of the Commission is a violation of a debtor's protection against double jeopardy guaranteed by the Fifth Amendment to the U.S. Constitution.

Although neither requested nor authorized to do so, the Commission filed a Response to the Debtor's Motion for Judgment on the Pleadings in which the Commission contends: 1) that the Commission is a creditor of the Debtor and therefore, has standing to file a Complaint pursuant to § 523(c) of the Bankruptcy Code citing *In re Black*, 95 B.R. 819 (Bankr.M.D.Fla. 1989) a decision of this Court, and *In re Evans Products Co.*, 60 B.R. 863 (S.D.Fla. 1986); 2) the Complaint states a cause of action; and 3) the civil claim of the Commission does not violate the protection against double jeopardy accorded by the Fifth Amendment.

### ISSUE OF STANDING

The issue of the standing of a party to challenge the dischargeability of a particular obligation of a debtor is, of course, a threshold issue which requires initial consideration. There is no question that the right to challenge dischargeability is reserved to "creditors" pursuant to § 523(c).

The term "creditor" is defined in § 101(9) which reads as follows:

§ 101(9) "creditor" means—

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(B) entity that has a claim against the estate of a kind specific in section 348(d), 502(f) or 502(i) of this title; or

(C) entity that has a community claim;

The term "claim" is defined in § 101(4) which reads as follows:

§ 101(4) "claim" means—

(A) right to payment, whether or not such right is reduced to judgment, liqui-

dated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured; ...

The term "debt" is defined in § 101(11) and reads as follows;

§ 101(11) "debt" means liability on a claim; ...

The question of standing has been considered by several courts, albeit, mostly in a different context, usually when a governmental agency filed a proof of claim in bankruptcy and the claim was challenged on the basis that the governmental agency has no standing to file proof of claim. The seminal case involving this issue was the case of *In re Nathanson v. National Labor Relations Board*, 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952). In *Nathanson*, the Supreme Court considered whether the National Labor Relations Board (NLRB) was a creditor who had a right to file a claim. In *Nathanson*, the NLRB sought to assert a claim based on a back pay order against the employer in order to make the employees whole for losses they have suffered on account of unfair labor practices. The Supreme Court, in its decision, emphasized that Congress made the NLRB the only party entitled to enforce the Act and therefore, the NLRB was considered to have a claim in the amount of the back pay, and thus had a right to file a proof of claim.

In the case of *In re Evans Products Co.*, *supra*, the District Court on appeal from the Bankruptcy Court, concluded that the Federal Trade Commission (FTC) which sought a permanent injunction and other equitable relief, including restitution against the debtor based on the debtor's alleged violation of the Federal Trade Commission Act, had an allowable claim in its own right and not merely as a class representative creditor. In *Black, supra*, this Court also held that the FTC was a creditor on its own right when it sought restitution on behalf of persons who allegedly have been defrauded by a travel agency owned and operated by Black. It should be pointed out, however, the Complaint was dismissed because it failed to state a claim. This Court in *Black* found that none of the allegations of fact in the complaint even intimated that the debtor was guilty of making misrepresentations to anyone. Since the Complaint was based solely on the allegation that Black violated 15 U.S.C. §§ 45(a) and 53(b) and, §§ 5(a) and 13(b) of the Federal Trade Act, the Court found these were not a basis to except an obligation from the general discharge.

The issue of standing of a federal agency to assert a claim of nondischargeability was also considered by the Bankruptcy Court for the Northern District of Illinois in the case of *In re Austin*, 138 B.R. 898 (Bankr.N.D.Ill.1992). In *Austin*, the suit was filed by the FTC who sought a declaration that a debt in the amount of $625,-000.00 is nondischargeable. In this case, the Debtor consented to pay into a consumer redress fund to be administered by the FTC the amount of $625,000.00, the amount representing FTC's claim against the Debtor. The standing of the FTC was also challenged in that case and Judge Coar, relying on *In re Black*, and *In re Evans Products Co., supra*, concluded that the FTC has a standing on its own right, to file a complaint pursuant to § 523(c) in light of the fact that the FTC is the only party who has a statutory right to assert a claim which is based on a violation of § 5(a) of the Federal Trade Commission Act.

The Bankruptcy Court concluded the issue of standing in favor of the FTC notwithstanding the fact that in the case of *In re Kimzey*, 761 F.2d 421, 423 (7th Cir.1985), the Court of Appeals concluded that the party seeking a declaration of nondischargeability under § 523(a)(2)(A) must prove: 1) that the debtor knowingly and recklessly made false representations; 2) that the debtor intended to deceive the creditor; and 3) that the creditor actually and reasonably relied on the debtor's false representations. However, in light of the fact that § 523(a)(2)(A) does not state that

the party deceived must be the creditor who actually relied on the debtor's false representations, the key to nondischargeability under this section is the manner in which the debt was incurred. Thus, this Section contains no express or implied limitations on the persons entitled to bring an action. *See Austin, supra.* Based on the foregoing, this Court is satisfied that the Commission is a "creditor" holding a claim, the amount of which is yet to be determined, and therefore, has standing to seek determination of nondischargeability pursuant to § 523(c) of the Bankruptcy Code.

## MOTION FOR JUDGMENT IN THE PLEADINGS

■ Next, the Debtor also seeks Judgment on the Pleadings on the additional ground that the Complaint failed to state a claim for which relief could be granted. The Motion for Judgment on the Pleadings must be based on all undisputed facts appearing in all pleadings, in this instance, the Complaint and the Answer, although the Court may consider facts of which the Court properly takes judicial notice. *Maggette v. Dalsheim*, 709 F.2d 800 (C.A.2d 1983). *See also, Moore's Federal Practice,* § 12.15. However, the Motion for Judgment on the Pleadings may be treated as a Motion to Dismiss for Failure to State a Claim for Which Relief Can Be Granted even if there are disputed facts. Moreover, if the defects in the Complaint are curable, it is inappropriate to dismiss the Complaint with prejudice, and as a general proposition, the Plaintiff should be given an opportunity to cure the defects.

There is hardly any question that this Complaint, as framed, fails to even intimate, let alone allege any facts which would sustain a viable claim under § 523(a)(2)(A). The claim of the Commission is based on the alleged illegal profits obtained by the debtor. The term "illegal profits" is not part of § 523(a)(2)(A). There is hardly any doubt that Congress, in enacting this exception to discharge, which is basically a restatement of the corresponding section of the pre-code law found at § 17(a)(2) of the Bankruptcy Act of 1898, never intended to except from the general discharge disgorgement orders payable to the Government and not to victims of the alleged wrongdoing by the Debtor. It is axiomatic that provisions dealing with discharge are remedial and were designed to give a fresh start in life to debtors unhampered by pre-existing burden of financial stress, *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970), and any exception to the discharge must be strictly construed against the party who seeks determination that a particular obligation is nondischargeable. It is now well established that unless the language in a particular section of the statute is unambiguous, the court must interpret the particular section under the "plain meaning rule" enunciated by the Supreme Court in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Under this rule the section must be interpreted as written and nothing should be read into the section which is not there. Based on the foregoing, this Court is satisfied that this Complaint, as framed, does not state a claim for which relief can be granted.

Although it is problematical whether or not the Commission is able to file an amended Complaint which states a viable claim of resolution under § 523(a)(2)(A), this Court is of the opinion that the Commission should be offered an opportunity to cure the defect.

This conclusion should not be construed to mean that an amendment, if filed, may assert a new claim of nondischargeability under § 523(a)(2), (4), and (6), because the bar date fixed by F.R.B.P. 4007 for filing the Complaint on the issue of dischargeability operates as a bar to assert these new claims. In addition, it also should be pointed out that these comments should not be an indication by this Court that the Commission may, under the underlying operating facts of its claim against the Debtor, in fact, assert a viable claim of nondischargeability under § 523(a)(2)(A).

This leaves for consideration the last special defense of the Debtor which is based on the proposition that the attempt of the

Commission to obtain a determination of nondischargeability violates the protection granted to the Debtor by the Fifth Amendment of the U.S. Constitution against double jeopardy. This defense is obviously without merit inasmuch as the matter before this Court is not a criminal proceeding and therefore, the civil action to recover damages or obtain an order of disgorgement and the determination of same as nondischargeable does not place the Debtor in double jeopardy.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Judgment on the Pleadings, treated as a Motion to Dismiss, is hereby granted and the Complaint of the Securities Exchange Commission is dismissed without prejudice with leave granted to file an amended Complaint within 30 days of the date of the entry of this Order. It is further

ORDERED, ADJUDGED AND DE-CREED that in the event the Commission fails to file an Amended Complaint, this Complaint stands dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DE-CREED that in the event an amended Complaint is filed, the Debtor has 10 days from the date of service of the Complaint to file either a Responsive Pleading or an Answer. It is further

ORDERED, ADJUDGED AND DE-CREED that if an Answer or Responsive Pleading is filed, it shall be set for pre-trial conference.

DONE AND ORDERED.

### ORDER ON RECONSIDERATION OF MOTION TO DISMISS

THIS CAUSE came on for consideration, ex parte, on the Court's own motion to consider the entry of an Order in the above-captioned adversary proceeding. The matter under consideration involves a previous Order entered by this Court. The Court considered the record and finds that on July 31, 1992 the Securities and Exchange Commission (Commission) filed a Complaint and sought a determination that the liability of the Defendant in the amount of $35,316,711.50 should be declared to be non-dischargeable based on Section 523(a)(2)(A) of the Bankruptcy Code. The Court promptly scheduled a hearing to consider the Motion to Dismiss filed by the Defendant who contended that (1) the Commission has no standing to file a dischargeability complaint pursuant to Section 523(c) of the Code; (2) the Complaint failed to state a claim for which relief could be granted; and (3) the Complaint violates the protection granted to the Defendant by the Fifth Amendment, the protection against double jeopardy. Subsequent to the hearing, this Court received an unsolicited ex parte submission by the Commission in which the Commission cited *In re Austin*, 138 B.R. 898 (Bankr.N.D.Ill.1992) for the proposition that the Commission has standing to file a complaint pursuant to Section 523(c) seeking nondischargeability of a liability based on Section 523(a)(2)(A). On February 16, 1993, this Court entered an Order on the Motion filed by the Defendant originally entitled Motion for Judgment on the Pleadings and ruled that the Commission has standing based on previously cited authorities by the Commission *In re Black*, 95 B.R. 819 (Bankr.M.D.Fla.1989) and *In re Evans Products Co.*, 60 B.R. 863 (S.D.Fla. 1986); that the Defendant's contention that this suit violated the protection against double jeopardy is without merit but also ruled that the complaint in fact failed to state a claim for which relief can be granted.

On February 11, 1993 the Defendant submitted to the Clerk's Office a letter in which the Defendant cited numerous cases, especially authority pointing out that the case submitted by the Commission was not relevant and not persuasive on the issue of standing and that the Commission's reliance on the case of *In re Austin, supra* is misplaced. The Court having reviewed the authorities cited by both sides is now satisfied that the Defendant is correct in his analysis of the *Austin* case and the cases relied on by this Court, *In re Black, supra* and *Evans Products Co., supra* do not furnish any support for the Commis-

sion's standing to file this complaint. Thus, the Commission has no standing to file a complaint pursuant to Section 523(c) of the Code for the following reasons:

*Austin, Black* and *Evans Products,* were all civil suits filed by the Federal Trade Commission (FTC) in which the FTC sought damages against the debtors for violation or the alleged violation by the debtors of Section 5(a) of the Federal Trade Commission Act. In *Austin* the Court dealing with the issue of standing of the FTC pointed out:

> "the FTC is the only party that can be considered a creditor on a claim arising from a violation of § 5(a) of the Federal Trade Commission Act. The FTC has exclusive authority to bring suit to redress violations of § 5(a) of the Federal Trade Commission Act. There is no private right of action under the Act. *Holloway v. Bristol–Myers Corp.,* 485 F.2d 986 (D.C.Cir.1973). Thus, the only way in which the Federal Trade Commission Act can be enforced is for the FTC to bring actions against violators in its own name."

In the present instance the agency who seeks a declaration of nondischargeability is not the FTC but the Commission. The rights and authority of the Commission is governed by the Securities Exchange Act of 1934, Section 10 and by Rule 10b–5 promulgated by the Commission pursuant to the authority of the statute. Although § 10(b) does not by its terms create an express civil remedy for its violation, and there is no indication that Congress, or the Commission when adopting Rule 10b–5, did not contemplate such remedy. The existence of a private cause of action for violations of Section 10 of the Statute and Rule 10b–5 is now well established. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 730, 95 S.Ct. 1917, 1922, 44 L.Ed.2d 539 (1975); *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 150–154, 92 S.Ct. 1456, 1470–1472, 31 L.Ed.2d 741 (1972); *Superintendent of Insurance v. Bankers Life & Cas. Co.,* 404 U.S. 6, 13 n. 9, 92 S.Ct. 165, 169 n. 9, 30 L.Ed.2d 128 (1971). It follows from the foregoing that in this instance the parties, i.e. the victims, who suffered damages as a result of the alleged illegal activities of the Debtor do have a right to seek or recover damages unlike the victims in the FTC cases.

For the reasons stated, this Court is satisfied that upon reconsideration it is appropriate to vacate and set aside the Order entered on February 16, 1993 and upon reconsideration, treating the Defendant's Motion for Judgment on the Pleadings as a Motion to Dismiss and to conclude that the Motion is well taken on the additional ground that the Commission has no standing to file a complaint pursuant to Section 523(c) of the Code and should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion for Judgment on the Pleadings treated as a Motion to Dismiss be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Complaint filed by the Securities and Exchange Commission be, and the same is hereby, dismissed with prejudice.