In re Paul A. BILZERIAN, Debtor.

**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Paul A. BILZERIAN, Defendant.**

Bankruptcy No. 91–10466–8P7.
Adv. No. 92–605.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 9, 1996.

Catherine M. Shea, Washington, DC, for Plaintiff.

Paul A. Bilzerian, Tampa, FL, Pro Se.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS the next chapter in the relentless pursuit of Paul A. Bilzerian (Debtor). This time the pursuer is the Securities & Exchange Commission (SEC), and the particular matter under consideration is a renewed Motion for Summary Judgment, filed by the SEC. The Motion contends that there are no genuine issues of material fact regarding the Debtor's liability due to an Order of Disgorgement entered by the United States District Court. Thus, it is urged that the amount of $33,140,787.07, together with pre-judgment interest in the amount of $29,196,-812.46, should be excepted from the overall protection of the general discharge pursuant to § 523(a)(2)(A) of the Bankruptcy Code (Code). There is also a complaint pending which was originally filed by Bicoastal Corporation f/k/a/ the Singer Company, (Bicoastal), a corporation previously controlled by the Debtor, challenging the Debtor's right to a general discharge based on § 727(a)(2) and (a)(4) of the Code. Because Bicoastal elected not to pursue its complaint, the SEC was permitted to intervene and is currently substituted as Plaintiff. Both the SEC and the Debtor agreed that this Court should dispose of the issue regarding dischargeability of the Debtor's liability first and consider the § 727 Complaint only if the nondischargeability issue is resolved adversely to the SEC.

Turning back to the instant matter, this Court is satisfied that the facts relevant to the resolution of the renewed Motion for Summary Judgment are indeed without dispute and may be summarized as follows:

Some time in 1988, the Grand Jury, sitting in the Southern District of New York, returned a nine-count indictment against the Debtor. After a six-week trial, the jury found the Debtor guilty of violating Section 10b of the Securities Exchange Act and Com-

mission Rule of 10b–5. Based on the jury verdict, the United States District Court for the Southern District of New York sentenced the Debtor to four years' imprisonment and imposed a fine of $1,500,000. The securities fraud counts were based on the Debtor's involvement in a takeover attempt of two corporations, Cluett Peabody & Co Inc., and Hammermill Paper Co. The gravamen of the charges was that the Debtor made misrepresentations and omitted material information required to be filed with the Commission in connection with a potential tender offer of the stock in those two corporations. In addition, the Debtor was also charged with the failure to disclose that he entered into an "accumulation agreement" with a broker, commonly described colloquially as "stock parking." The Debtor's conviction was affirmed on appeal. *U.S. v. Bilzerian*, 926 F.2d 1285 (2d Cir.1991). The Supreme Court declined to review the affirmance of the conviction by the Second Circuit. *Bilzerian v. U.S.*, 502 U.S. 813, 112 S.Ct. 63, 116 L.Ed.2d 39 (1991).

Shortly after the conclusion of the criminal case, the SEC brought a civil action in the United States District Court for the District of Columbia against the Debtor based on the conviction, and sought an injunction and disgorgement of the illegal "profits" claimed to have been obtained by the Defendant as the result of his fraudulent conduct. On April 18, 1991, the District Court granted the SEC's Motion For Summary Judgment, relying on the criminal conviction and the doctrine of collateral estoppel. The District Court determined that the Debtor was liable on the claims asserted by the SEC in its Complaint, and enjoined the Debtor from future violations of the securities laws, and on January 28, 1993, the District Court entered its Order of Disgorgement in the amount of $33,140,787.07. Subsequently, the District Court awarded prejudgment interest in the amount of $29,196,812.46. The Orders were not cast in the form of a money judgment and made no provision for execution and levy. The Orders were affirmed on appeal. *S.E.C. v. Bilzerian*, 29 F.3d 689 (D.C.Cir.1994).

On August 5, 1991, the Debtor filed a voluntary Petition for Relief, initially under Chapter 11, which was converted to a Chapter 7 case on October 22, 1991. In due course, the SEC filed a Proof of Claim based on the Order of Disgorgement and the present Complaint, and sought a determination that the Debtor's liability represented by the Order of Disgorgement was not within the protection of the general bankruptcy discharge by virtue of § 523(a)(2)(A) of the Code. The Debtor promptly filed a Motion For Judgment On The Pleadings and sought a dismissal of the Complaint, contending that the SEC had no standing to assert a claim of nondischargeability; that the Complaint failed to state a claim for which relief could be granted; and that the Complaint violated his right of protection from double jeopardy.

On February 16, 1993, this Court dismissed the Complaint, with leave granted to the SEC to file an amended Complaint, because the Complaint failed to allege any facts which stated a viable claim of nondischargeability under § 523(a)(2)(A). Specifically, this Court concluded that the claim of the SEC was based solely on the alleged illegal profits obtained by the Debtor, and since obtaining illegal profits is not part of § 523(a)(2)(A), the Complaint as framed did not state a claim for which relief could be granted. *In re Bilzerian*, 151 B.R. 954 (Bankr.M.D.Fla.1993). Less than a week later, this Court reconsidered its Order of Dismissal on its own Motion, and granted the Motion to Dismiss the Complaint with prejudice, on the additional ground that the SEC had no standing to challenge the dischargeability of a debt because there was no allegation that the Debtor obtained any money or property from the SEC.

The SEC timely challenged the dismissal of its Complaint, and on appeal, the District Court reversed solely on the ground that this Court erred in concluding that the SEC had no standing to bring the Complaint. The District Court clearly stated that it did not consider or rule on the sufficiency of the Complaint or on the issue of nondischargeability. The adversary proceeding was remanded to this Court, with directions to rule on the sufficiency of the Complaint. After

entry of the Order of Remand, the SEC did not amend its Complaint. Thus, the Complaint currently before this Court is the same one this Court dismissed earlier. In due course, the SEC filed its first Motion For Summary Judgment which was denied by this Court on August 23, 1995. The matter before this Court at this time is the Renewed Motion for Summary Judgment filed by the SEC.

## GENERAL PRINCIPLES GOVERNING MOTIONS FOR SUMMARY JUDGMENT

█ It is well established that before a controversy can be resolved in summary fashion, the Court must be satisfied that there are no genuine issues of material fact, before considering whether the moving party is entitled to judgment as a matter of law. It is axiomatic that in considering a motion for summary judgment, one must consider all relevant parts of the record in a light most favorable to the nonmoving party. *See, e.g., Lordmann Enterprises, Inc. v. Equicor, Inc.,* 32 F.3d 1529, 1532 (11th Cir.1994). In the present instance, this Court is satisfied that there are no genuine issues of material fact, and now the only remaining question is whether the SEC is entitled to a judgment as a matter of law based on the undisputed facts.

## GENERAL PRINCIPLES GOVERNING EXCEPTIONS TO THE DISCHARGE

█ The relevant provisions of the Code are remedial in nature and have been traditionally construed liberally in favor of debtors seeking relief in the Bankruptcy Court. Consistent with this policy, it is well established that exceptions to discharge are to be construed strictly in order to give effect to the fresh start policy of the Code. *In re Miller,* 39 F.3d 301, 304 (11th Cir.1994); *In re Robinson,* 776 F.2d 30, 38 (2nd Cir.1985) ("It is inappropriate for a court, based on its own view as to the relative importance of [a] policy, to create judicial exceptions to the clear language of the statute that are warranted neither by that language nor by the legislative history."). It is equally true how-

ever, that the right to obtain a fresh start is reserved to honest debtors and "[T]he malefic debtor may not hoist the Bankruptcy Code as protection from the full consequences of fraudulent conduct." *St. Laurent II v. Ambrose,* 991 F.2d 672, 680 (11th Cir.1993).

█ In the present instance, the claim of nondischargeability asserted by the SEC is based on § 523(a)(2)(A) of the Code. In order to establish a viable claim under this Section, the plaintiff must establish the following by a preponderance of the evidence: (1) that the debtor obtained money, property, services or an extension of credit from the creditor as a result of a false representation, other than a statement respecting the debtor's financial condition, with the purpose and intention of deceiving the creditor; (2) that the creditor relied on such representation; (3) that the creditor's reliance was justifiable; and (4) that the creditor sustained a loss as a result of his justifiable reliance on the debtor's representation. *Field v. Mans,* — U.S. —, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995); *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Vann,* 67 F.3d 277, 281, fn. 5 (11th Cir.1995); *St. Laurent II v. Ambrose,* supra; *In re Hunter,* 780 F.2d 1577 (11th Cir.1986).

█ In construing a statute, this Court is required to examine the language of the statute itself and, absent a clearly expressed legislative intent to the contrary, the plain language is conclusive. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *see also Board of Educ. of Westside Community Schools v. Mergens,* 496 U.S. 226, 235, 110 S.Ct. 2356, 2364, 110 L.Ed.2d 191 (1990); *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Birmingham Trust Nat'l Bank v. Case,* 755 F.2d 1474, 1477 (11th Cir.1985). Under this rule, the Section must be interpreted as written and nothing should be read into the Section which is not there.

## DOCTRINE OF COLLATERAL ESTOPPEL

█ In support of its Motion for Summary Judgment, the SEC relies on the doctrine of

collateral estoppel, contending that the criminal conviction and the findings in the civil case which culminated in the entry of the Order of Disgorgement preclude Bilzerian from relitigating the issue of dischargeability vel non.

It can no longer be gainsaid that the doctrine of collateral estoppel may be relied on in a proceeding in which the issue of nondischargeability is raised under appropriate circumstances. *In re Halpern,* 810 F.2d 1061, 1064 (11th Cir.1987). Before the doctrine applies, it must appear without dispute from the record that: (1) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding; (2) the issue must be identical; (3) the issue must have been actually litigated in the prior suit; (4) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (5) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case. *St. Laurent, supra.*

A party who relies on the doctrine has a burden to establish all the operating elements of a claim of nondischargeability. *In re McWhorter,* 887 F.2d 1564, 1566 (11th Cir.1989). In order to achieve this in the present instance the SEC must establish that the controlling facts are undisputed and, therefore, that the controversy must be resolved in its favor as a matter of law. Unfortunately, the SEC must leap from the criminal conviction to the civil action, and then by a quantum leap from these two litigations, to its claim under consideration, in a hope that it will land on hospitable terra firma, rather than in the abyss of a black hole, where it would be swallowed up and vanish. This record hardly supports the proposition that this was a successful mission accomplished.

It is without dispute that the entire underpinning of the SEC's reliance on the doctrine is based on the criminal trial and the conviction of the Debtor for violating Section 10b of the Securities Exchange Act and Commission Rule 10b–5. Thus, it is important to point out the obvious; namely, that the issue of nondischargeability was not one of the issues tried, and upon which the jury verdict and the Debtor's conviction were obtained. The indictment charged that the Debtor employed a device, scheme or artifice to defraud; (a) that he made untrue statements of material facts or omitted to state material facts; or (b) that he engaged in any practice or course of business which operated or would have operated as a fraud or deceit upon any person in connection with the purchase or sale of any security. The jury found that the Debtor violated Section 10b and Reg. 10b–5 and convicted him. It should be apparent from the foregoing, that there was no charge in the criminal case that the Debtor obtained money, property, services, credit or an extension of credit, any one of which is an indispensable element of a viable claim of nondischargeability under § 523(a)(2)(A). Nor was any claim raised in the criminal case that anyone suffered injury as the result of justifiable reliance on the alleged untrue statements of material facts or omissions of material facts made by the Debtor.

Next, assuming without conceding that the SEC's Motion could be supported, independent of the criminal conviction, by the civil action in which the SEC sought a disgorgement of illegal profits, the SEC still fails to support its proposition that collateral estoppel warrants the relief sought. This is so because there is nothing in the record of the civil action presented to this Court which warrants the findings that the two issues outlined above were actually tried in the civil action or formed the basis for the Order of Disgorgement. To the contrary, it is clear from the answers to interrogatories furnished by the SEC, that there was no proof in the record of the civil case that the Debtor obtained any money from any identifiable person or entity; merely, a finding by the District Court that the Debtor obtained "illegal profits" as the result of his stock acquisition in connection with the attempted takeover of Cluett–Peabody and Hammermill Paper. To permit the construction of the Statute as sought by the SEC is to equate obtaining "illegal profits" with obtaining money as that term is used in § 523(a)(2)(A). This would be a gross disregard of the "plain

meaning rule" enunciated by the Supreme Court in *Ron Pair Enterprises, Inc., supra,* and would stretch the intended meaning of the phrase far beyond the permissible perameters of the intended meaning of the language of the Section. The same comments are equally applicable to another indispensable element of a viable claim of nondischargeability under § 523(a)(2)(A), which is the requirement that the entity injured by the misrepresentation, false pretenses, or actual fraud, must have justifiably relied on the conduct of the Debtor. *In re Vann, supra;* and *Field v. Mans, supra.* This was never an issue in the criminal case and it certainly was not raised and actually tried in the civil action. It is evident from the foregoing, that the requirements for the application of the doctrine of collateral estoppel, i.e., that issues before this Court were identical, were actually litigated in the prior actions, and most importantly, that the determination of the issues in the prior litigation, if tried, must have been a critical and necessary part of the judgment in the prior litigation, were not met.

This Court is unwilling to accept the proposition urged by the SEC that the Motion is sufficiently supported by the fact that the Debtor was found guilty of fraud in conjunction with the purchase and sale of securities. This Court also rejects the other proposition urged by the SEC, that it is not required to show justifiable reliance by any specific person or entity. The fact that if the plaintiff prevails, the determination of nondischargeability is not limited to the compensatory damages but also includes the punitive damage component of the claim is no solace and furnishes no support for the Motion under consideration. *See St. Laurent, supra; In re Schwager* 178 B.R. 106 (Bankr.S.D.Tex.1995); *Cf., In re Levy,* 951 F.2d 196 (9th Cir.1991); *In re Ellwanger,* 105 B.R. 551 (9th Cir. BAP 1989).

First, the debt created by the Order of Disgorgement is not a punitive damage award. The SEC disclaims any notion that it is a penalty, for the obvious reason that to accept that characterization might create some serious problems involving the protection against double jeopardy available to the

Debtor. Second, in all instances where punitive damages were excepted from the discharge, they were part of a compensatory damage award, unlike the present instance, where the Order of Disgorgement is not accompanied by a compensatory damage award, unless one accepts the proposition that the award is designed to compensate some unknown, unidentifiable victims of the fraud committed by the Debtor, a proposition not supported by this record. Having concluded that the doctrine of collateral estoppel is not applicable and that the SEC is not entitled to a judgment in its favor, this Court is left with the issue of how to conclude this adversary proceeding, in light of the fact that the Debtor did not file a cross-motion for summary judgment, even though he agrees that there are no genuine issues of material fact.

This brings into play the question whether the Court may grant a summary judgment to a non-moving party if the Court is satisfied that there are no genuine issues of material fact and the non-moving party is entitled to summary judgment as a matter of law. There is recent authority to support the proposition that the Court has sua sponte power to grant summary judgment to a non-moving party, under such circumstances. *Matter of Continental Airlines,* 981 F.2d 1450 (5th Cir.1993); *See also* 6 James W. Moore, *Moore's Federal Practice,* ¶ 56.12 (2d ed.1991). Based on the foregoing, this Court is satisfied that it is appropriate to enter summary judgment in favor of the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that The Motion for Summary Judgment filed by the Securities and Exchange Commission be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED, Summary Judgment be, and the same is hereby, entered in favor of Paul A. Bilzerian.

DONE AND ORDERED.