United States Court of Appeals,

Eleventh Circuit.

No. 96-3634.

In re:  Paul A. BILZERIAN, Debtor.

SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,

v.

Paul A. BILZERIAN, Defendant-Appellant.

Sept. 9, 1998.

Appeal from the United States District Court for the Middle District of Florida. (No. 96-513-CIV-T-23B), Steven D. Merryday, Judge.

Before DUBINA and MARCUS, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

Paul A. Bilzerian appeals the district court's order applying collateral estoppel in the Securities and Exchange Commission's (SEC) action to except a debt from discharge in bankruptcy. The district court found that Bilzerian's previous criminal conviction for securities fraud, combined with a civil judgment requiring Bilzerian to disgorge fraudulently obtained profits, satisfied the requirements for application of 11 U.S.C. § 523(a)(2)(A), which excepts from discharge in bankruptcy debts for money obtained by fraud.  Bilzerian also raises a constitutional challenge to the grant of exception from discharge.  We affirm.

*FACTS*

Bilzerian was convicted of federal securities fraud for his failure to properly report his stock transactions with two corporations, Cluett, Peabody & Company, Inc. (Cluett) and Hammermill Paper Company (Hammermill).  The securities laws require investors who commence a tender offer of a publicly traded company to make certain disclosures to the SEC in order to inform investors

about any potential takeover attempt. Bilzerian did not file the required disclosures in a timely fashion, and his disclosures were misleading because he listed as "personal funds" money he had actually borrowed. He also failed to disclose that he had entered into an accumulation agreement with a broker. As a result of Bilzerian's misleading disclosures, Cluett and Hammermill believed that Bilzerian posed a credible threat to mount a hostile takeover, and they sought the aid of friendly "white knights," who eventually outbid Bilzerian. Bilzerian then sold his shares in Cluett and Hammermill for a substantial profit.

In 1989, Bilzerian was convicted of nine counts of securities fraud for violations of § 10(b) of the Securities Exchange Act of 1934, which is the general anti-fraud provision of the securities laws.[1] Subsequently, the SEC brought civil proceedings against Bilzerian to force him to disgorge his fraudulently obtained profits. The district court for the District of Columbia found that, on the basis of his criminal conviction, Bilzerian was collaterally estopped from challenging the civil action and ordered Bilzerian to disgorge approximately $33 million plus interest. The D.C. Circuit Court upheld the civil judgment.[2]

During the litigation in the district court, Bilzerian filed for bankruptcy. After the disgorgement award was upheld, the SEC sought to except the disgorgement award from discharge in bankruptcy under § 523(a)(2)(A) on the ground that it was a debt for money obtained by fraud. The SEC argued that the doctrine of collateral estoppel compelled a decision in their favor. The bankruptcy court disagreed, holding that the SEC did not have standing to pursue a § 523(a)(2)(A)

---

[1] *United States v. Bilzerian,* 926 F.2d 1285 (2d Cir.), *cert. denied,* 502 U.S. 813, 112 S.Ct. 63, 116 L.Ed.2d 39 (1991).

[2] *SEC v. Bilzerian,* 29 F.3d 689 (D.C.Cir.1994).

2

claim, and that the complaint failed to state a claim because obtaining illegal profits was not part of § 523(a)(2)(A). The district court reversed, holding that because Bilzerian owed the SEC money, it had standing to pursue exception from discharge. On remand, the bankruptcy court granted summary judgment for Bilzerian, holding that the previous judgments against Bilzerian did not meet the loss and reliance requirements of § 523(a)(2)(A).[3] The district court again reversed, finding all elements of collateral estoppel well established in the record.[4] Bilzerian appeals the district court's order reversing the bankruptcy court.

## DISCUSSION

This court reviews the bankruptcy court's order independently of the district court, reviewing conclusions of law *de novo* and factual findings under a clearly erroneous standard.[5] The bankruptcy court found that "this Court is satisfied that there are no genuine issues of material fact, and now the only remaining question is whether the SEC is entitled to a judgment as a matter of law based on the undisputed facts."[6]

Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge in bankruptcy any debt "for money ... to the extent obtained by ... false pretenses, a false representation, or actual fraud."[7] We agree with the district court that Bilzerian's debt is one for money, and that the disgorgement judgment was designed to remedy fraudulent behavior. Bilzerian owes the SEC a judgment in the

---

[3]*In re Bilzerian,* 196 B.R. 907 (Bankr.M.D.Fla.1996).

[4]*In re Bilzerian* (M.D. Fla. Oct. 22, 1996).

[5]*In re Bush,* 62 F.3d 1319, 1322 (11th Cir.1995).

[6]*In re Bilzerian,* 196 B.R. at 910.

[7]11 U.S.C. § 523(a)(2)(A).

form of money.  It is well established that the term "debt" in the Bankruptcy Code encompasses a "right to payment,"[8] and that this includes a money judgment entered by a court of competent jurisdiction.[9]

The question in this case is whether a criminal conviction for securities fraud, combined with a civil disgorgement judgment in favor of the SEC, satisfies the requirements of collateral estoppel for determining "fraud" under § 523(a)(2)(A).  Collateral estoppel requires that:  (1) the issue be identical in both the prior and current action;  (2) the issue was actually litigated;  (3) the determination of the issue was critical and necessary to the judgment in the prior action;  and (4) the burden of persuasion in the subsequent action not be significantly heavier.[10]  Because discharge under § 523(a)(2)(A) only requires proof by a preponderance of the evidence standard,[11] only the first three elements are disputed in this case.

Courts have generally interpreted § 523(a)(2)(A) to require the traditional elements of common law fraud.  A creditor must prove that:  (1) the debtor made a false representation to deceive the creditor, (2) the creditor relied on the misrepresentation, (3) the reliance was justified, and (4) the creditor sustained a loss as a result of the misrepresentation.[12]  Elements one and three are easily met, because Bilzerian's criminal conviction for securities fraud established that he made

---

[8]*Cohen v. de la Cruz,* --- U.S. ----, ----, 118 S.Ct. 1212, 1216, 140 L.Ed.2d 341 (1998).

[9]*See St. Laurent, II v. Ambrose,* 991 F.2d 672, 678-79 (11th Cir.1993).

[10]*In re Bilzerian,* 100 F.3d 886, 892 (11th Cir.1996), *cert. denied,* --- U.S. ----, 118 S.Ct. 1559, 140 L.Ed.2d 791 (1998).

[11]*See Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

[12]*See In re Bilzerian,* 100 F.3d at 892.  *See also Field v. Mans,* 516 U.S. 59, 73-75, 116 S.Ct. 437, 445-46, 133 L.Ed.2d 351 (1995) (holding that § 523(a)(2)(A) requires justifiable rather than reasonable reliance).

a false statement on which a reasonable investor would have relied.[13]  The District of Columbia district court found that Bilzerian had violated the reporting requirements of the securities laws, specifically, "Exchange Act § 10(b) by engaging in fraudulent activity with respect to the purchases and sales of Cluett and Hammermill securities."[14]  The issues in this case, then, are whether the other two elements, loss and actual reliance, were critical to the previous litigation and resolved in favor of the SEC.

Common law fraud and securities fraud have traditionally had related but distinct causation requirements.  Whereas common law fraud requires proof of loss and reliance, securities fraud has substituted the concept of "materiality."[15]  Rule 10b-5 makes it unlawful to "employ any device, scheme, or artifice to defraud ... make any untrue statement of a material fact" or "engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."[16]  As the district court recognized, courts require proof of causation and loss as elements of a private cause of action based on violations of Rule 10b-5.[17]

---

[13]*See United States v. Bilzerian,* 926 F.2d at 1298.

[14]*SEC v. Bilzerian,* 814 F.Supp. 116, 121, *aff'd,* 29 F.3d 689 (D.C.Cir.1994).

[15]The elements of a primary section 10b-5 claim are:  "(1) a misstatement or omission (2) of a material fact (3) made with scienter (4) upon which the plaintiff relied (5) that proximately caused the plaintiff's loss."  *McDonald v. Alan Bush Brokerage Co.,* 863 F.2d 809, 814 (11th Cir.1989) (citation omitted).

[16]17 CFR § 240.10b-5 (1997).

[17]*See Basic, Inc. v. Levinson,* 485 U.S. 224, 243, 108 S.Ct. 978, 989, 99 L.Ed.2d 194 (1988) ("We agree that reliance is an element of a Rule 10b-5 cause of action.");  *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994) ("To state a claim for securities fraud under Rule 10b-5, a plaintiff must allege that the defendant knowingly or recklessly made a false or misleading statement of material fact in connection with the purchase or sale of a

While some courts have not required proof of actual reliance in SEC enforcement actions,[18] we nevertheless believe that the causation requirement of "materiality" in Rule 10b(5) satisfies the requirement for actual reliance necessary to apply collateral estoppel in a § 523(A)(2)(A) case.[19] Any other decision would conflict with the general principles behind § 523(a)(2)(A). This court has taken an expansive view of "debts obtained by fraud" because "the malefic debtor may not hoist the Bankruptcy Code as protection from the full consequences of fraudulent conduct."[20]

In appealing the disgorgement award, Bilzerian argued that disgorgement was not proper because no one was injured by his fraudulent schemes.[21] Although the D.C. Circuit Court stated that whether his actions injured others was irrelevant, the court found that "others *were* injured by Bilzerian's deceptions—investors paid Bilzerian an inflated price for his stocks because of his illegal actions."[22] The injured parties are identifiable—the "white knights" West Point Pepperell and

---

security, upon which plaintiff reasonably relied, proximately causing his injury.").

[18]*See SEC v. Rana Research, Inc.,* 8 F.3d 1358, 1363-64 (9th Cir.1993) (proof of reliance not necessary in SEC action to enjoin violations of Rule 10b-5); *SEC v. Rind,* 991 F.2d 1486, 1490 (9th Cir.1993) ("a district court may grant the Commission's request for disgorgement even where no injured investors can be identified"), *cert. denied,* 510 U.S. 963, 114 S.Ct. 439, 126 L.Ed.2d 372 (1993).

[19]*See Affiliated Ute Citizens v. United States,* 406 U.S. 128, 153-54, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1972)(causation in fact presumed if plaintiff's claim based on defendant's failure to disclose material information); *see also Basic Inc. v. Levinson,* 485 U.S. at 243-47, 108 S.Ct. at 989-91(fraud-on-the-market theory permits plaintiffs to rely on integrity of open, well-developed markets rather than requiring proof of direct reliance).

[20]*St. Laurent,* 991 F.2d at 680 (11th Cir.1993) (holding that punitive damage award would be excepted from discharge in bankruptcy under § 523(a)(2)(A)).

[21]*SEC v. Bilzerian,* 29 F.3d at 697.

[22]*Id.*

International Paper Company.[23] We affirm the district court's holding that collateral estoppel prevents Bilzerian from challenging the SEC's action to except the discharge of his debt in bankruptcy.[24]

Bilzerian also raises constitutional objections, claiming that an order holding the disgorgement judgment nondischargeable would violate the Double Jeopardy Clause and would constitute an excessive fine in violation of the Eighth Amendment. These constitutional claims are groundless. A civil remedy following criminal conviction only constitutes "punishment" for purposes of the Double Jeopardy Clause when it is so severe or so unrelated to remedial goals that it amounts to a second criminal punishment.[25] While the fraud exception to discharge does have a deterrent goal, it is clearly not "punitive," because Bilzerian's disgorgement was explicitly limited to profits resulting from illegal conduct.[26] Moreover, exception from discharge in bankruptcy is not

---

[23]814 F.Supp. at 118-120.

[24]Recently, this court faced this same issue involving the same debtor and a private creditor who had won a judgment against Bilzerian. *In re Bilzerian,* 100 F.3d 886 (11th Cir.1996). In a previous case, the creditor had alleged that Bilzerian made a series of misrepresentations in order to induce it to invest $20.4 million in a limited partnership, and that he had agreed to purchase the creditor's interest in the partnership at the creditor's election. *Id.* at 888. The facts do not specify whether the creditor suffered an actual loss, although a jury had awarded the creditor $19.839 million in compensatory damages and $1.224 million in punitive damages. *Id.* Bilzerian argued that the creditor did not sustain a loss, and this court addressed that argument in one sentence: "Finally, Bilzerian's argument that [the creditor] did not sustain a loss is meritless in light of the money judgment entered in favor of [the creditor] in the [previous action]." *Id.* at 892-93. We follow that panel's approach, and deduce from the award of judgment to the SEC in the disgorgement action that a loss occurred.

[25]*United States v. Ursery,* 518 U.S. 267, 287-88, 116 S.Ct. 2135, 2147, 135 L.Ed.2d 549 (1996).

[26]*See SEC v. Bilzerian,* 29 F.3d at 696.

7

an excessive fine because it is not disproportionate to the wrongful conduct it was designed to remedy.[27]

The district court's ruling is AFFIRMED.

---

[27]*See United States v. One Parcel Property Located at 427 and 429 Hall Street,* 74 F.3d 1165, 1172 (11th Cir.1996).