**In re WEST TEXAS MARKETING CORPORATION, Debtor.**

**Bankruptcy No. 182–00034–11.**

United States Bankruptcy Court, N.D. Texas, Abilene Division.

Feb. 18, 1988.

David R. Snodgrass, Gardere & Wynne, Dallas, Tex., for the Trustees.

Leslie Simon-Kaplowitz, Office of the Sol., Economic Regulatory Admin., U.S. Dept. of Energy, Washington, D.C., for the DOE.

## MEMORANDUM OF OPINION CONCERNING TRUSTEE'S OBJECTION TO THE CLAIM OF THE DEPARTMENT OF ENERGY

JOHN C. AKARD, Bankruptcy Judge.

West Texas Marketing Corporation (WTMC) filed for a reorganization under Chapter 11 of the Bankruptcy Code in 1982. Those efforts were not successful and the case was converted to a liquidation on December 7, 1983. Walter Kellogg is the Trustee in Bankruptcy.

The Department of Energy (DOE) filed a proof of claim on November 23, 1982 to recover overcharges made by WTMC in resales of crude oil. The proof of claim was supported by a proposed remedial order issued by the DOE to WTMC pursuant to the DOE's authority under the Emergency Petroleum Allocation Act of 1973 as amended, 15 U.S.C. § 751 *et seq.* (EPAA) and 10 CFR § 205.192. That proposed order directed WTMC to pay the DOE $16,360,315.48 plus interest in the amount of $6,875,397.23 for violations of 10 CFR § 212.186 which prohibits certain resales of crude oil.

The Trustee filed an objection to that claim seeking to have it subordinated to the claims of other creditors asserting that the claim was in the nature of a penalty unsupported by pecuniary loss and, thus, should be classified as such for distribution purposes under § 726(a)(4) of the Bankruptcy Code.[1] This matter was ultimately resolved by the Temporary Emergency Court of Appeals which held that the DOE's claim was for restitution and not for a penalty, thus entitling the claim to a second priority as a general unsecured claim under § 726(a)(2). *United States Department of Energy v. West Texas Marketing Corp.*, 763 F.2d 1411, 1426 (Temp.Em.Ct.App. 1985).

The Trustee filed a further objection to the DOE's claim on the grounds that the DOE was neither a creditor in the bankruptcy proceedings nor the authorized agent of a creditor. The Temporary Emergency Court of Appeals pointed out that the DOE did not seek the civil and criminal penalties allowed by the EPAA but, rather, sought restitution under the authority of § 209 of the Economic Stabilization Act of 1970, 12 U.S.C. § 1904 note, as incorporated in the Emergency Petroleum Allocation Act of 1973 as amended, 15 U.S.C. § 754(a)(1). This Section allows the DOE to collect restitution on behalf of persons suffering loss from overcharges. *Id.* 1426.

■ Some Courts have held that a governmental entity is not a creditor where the basis of its claim is restitution for injured parties if the injured parties could bring their own actions in Bankruptcy Court. *State of Missouri v. Cannon, (In re Cannon)*, 741 F.2d 1139, (8th Cir.1984); *Commonwealth of Kentucky v. Meredith (In re Meredith)*, 4 B.C.D. 652 (Bankr.S.D. Ohio 1978) (Bankruptcy Act case). Where the governmental entity is the only party entitled to enforce the restitution provisions, however, then it is entitled to file a claim. *Nathanson v. NLRB*, 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952). Parties who suffered injury as a result of violations of the EPAA have a right to bring actions for damages against the party inflicting the injury under § 210 of the Economic Stabilization Act of 1970. 12 U.S.C. § 1904 note. Where the claimants are numerous, however, the better and more practical rule is to allow the governmental entity to file a claim for restitution on behalf of the injured parties. *In re Evans Products Co.*, 60 B.R. 863 (S.D.Fla.1986).

*Collier* states:

The United States is a creditor not only with respect to public exactions for revenue purposes such as income taxes but also with respect to statutory obligations enforceable by a federal administrative agency in the public interest for the benefit of private parties.

2 Collier on Bankruptcy ¶ 101.09 (15th Ed. 1987). As defined in § 101(9)(A) "creditor" includes any "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." Section 101(4) defines "claim" as a "right to payment" and § 101(14) defines "entity" to include a "governmental unit." Thus, in its representative capacity, the DOE meets the definition of a creditor under the Bankruptcy Code.

■ The amount of the DOE's claim has been established through appropriate administrative procedures and this Court feels that it does not have the power to examine the amount of the claim. Since the claim is for restitution for injuries to individual entities, the DOE should identify with particularity the entities for whom it is seeking restitution giving names, addresses and amounts of restitution for each. The DOE indicated that to the extent it is not able to identify the individual entities, funds collected under EPAA will be distributed to the states and to the federal treasury. 51 F.R. 27899 (August 4, 1986). A distribution to the treasuries of the federal government and the states is entirely contrary to the spirit and intent of the Bankruptcy Code. The Bankruptcy Code mandates that funds available be dis-

---

1. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are to sections in the Bankruptcy Code.

tributed to creditors with identifiable claims. The purpose of the Bankruptcy Code is to make as large a distribution as possible to the identified creditors of the Debtor; the purposes of the Bankruptcy Code would not be served by adding to state and federal treasuries. The Court will establish a procedure for the DOE to make such identification and for a speedy review of such identification by the Trustee so that this long-pending case can move toward a conclusion.

Under § 726(a)(3) a claim which is filed late (even though liquidated and undisputed) is subordinated to timely filed claims. It seems only logical that to the extent that the DOE cannot identify with particularity the entities for whom it is seeking restitution, the DOE's claim should be accorded similar treatment and subordinated to the claims of creditors with allowed claims. The treasuries of the federal government and the states are not injured parties in this proceeding; therefore they should not be entitled to receive funds from the bankruptcy estate on a parity with creditors.

The Debtor is a corporation and will not receive a discharge in these bankruptcy proceedings. § 727(a)(1) Thus, the DOE may pursue any unpaid portion of its claim against WTMC post-bankruptcy.

ORDER ACCORDINGLY.