In re Michael A. MAIO, Debtor.

SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

Michael A. MAIO, Defendant.

Bankruptcy No. 94–01401–RWV–11. Adv. No. 94–179.

United States Bankruptcy Court, S.D. Indiana, Indianapolis Division.

Nov. 7, 1994.

Kevin P. O'Rourke, S.E.C., Washington, DC, for plaintiff.

Edward B. Hopper, III, Indianapolis, IN, for debtor/defendant.

### MEMORANDUM

BASIL H. LORCH, III, Bankruptcy Judge.

This matter comes before the Court on the defendant's **Motion to Dismiss Complaint of the Securities and Exchange Commission** filed August 16, 1994. In support of their motion to dismiss, the defendant states that the Court lacks jurisdiction over the issues raised by the Complaint, that the Commission lacks standing to bring an action under Section 523 and that the complaint is premature. The Securities and Exchange Commission filed a **Memorandum in Opposition to Defendant's Motion to Dismiss Complaint** on August 23, 1994. The Court held oral argument on the foregoing motion on September 13, 1994.

### Facts

Michael A. Maio ["Maio"] filed the instant **Motion to Dismiss** in response to the plaintiff Securities and Exchange Commission's ["SEC"] **Complaint to Determine Nondischargeability of Debt** filed on May 31, 1994. The SEC's Complaint is based upon a judgment rendered by the Hon. Larry J. McKinney in *SEC v. Ferrero, Maio, et al.* (Civil Action No. IP 91–271–C), 1993 WL 625964, wherein the Court found that the defendants violated the anti-fraud provisions of the securities laws and ordered them to disgorge

$561,737.50 plus prejudgment interest.[1] Maio was further ordered to pay a penalty of $838,875.00. Maio and his co-defendants were ordered to pay, in all, $1,640,820.69.

## Discussion

■ Initially, the Court rejects Maio's assertion that this Court lacks jurisdiction by virtue of a pending appeal of the judgment which forms the basis for the Commission's claim in this adversary proceeding. This Court retains jurisdiction of the nondischargeability complaint regardless of the appeal of the underlying Order on which the complaint is founded.

■ An additional argument in support of Maio's motion is that the complaint is premature in that this is a Chapter 11 proceeding and the Commission's request to be awarded a nondischargeable judgment should not precede the debtor's request for discharge. The Commission notes that the Court's Notice dated February 28, 1994, required that complaints objecting to discharge be filed by May 31, 1994, and Bankruptcy Rule 4004(a) provides that such complaints "shall be filed not later than the first date set for the hearing on confirmation" of a plan in a Chapter 11 proceeding. The Court, likewise, finds Maio's position untenable in this regard.

■ Substantively, Maio argues that the Commission lacks standing as a creditor to bring an action under Section 523 of the Bankruptcy Code, and relies upon *In re Bilzerian*, 151 B.R. 954 (M.D.Fla.1993) in support of his argument. In response, the plaintiff contends that the Supreme Court has inherently recognized the ability of governmental agencies to enforce a debt in bankruptcy even though it will not be the ultimate recipient of the monies owed. *Nathanson v. National Labor Relations Board*, 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952).

The plaintiff also cites *In re Evans Products Co.*, 60 B.R. 863 (S.D.Fla.1986), wherein a district court reversed the bankruptcy court order disallowing the Federal Trade Commission's claim because the FTC was not a creditor in its own right but rather a class representative of defrauded victims. The district court held that the "United States is a creditor not only with respect to [tax claims] but also with respect to statutory obligations enforceable by a federal administrative agency in the public interest for the benefit of private parties." *Id.* at 867, (quoting 2 *Collier on Bankruptcy*, Para. 101.09 (15th Ed.1985)). Similarly, in *In re Austin*, 138 B.R. 898 (Bankr.N.D.Ill.1992), the court found that the plain language of section 523(c) authorizes actions by the FTC in its capacity as representatives of citizens who were defrauded.

The court in *Bilzerian* attempted to distinguish these and other cases based upon the fact that the Commission, unlike the FTC, does not have exclusive authority to bring suit to redress violations of the Act. Because the injured parties have a private cause of action, *Bilzerian* holds that the Commission is precluded from bringing a nondischargeability action.

This Court finds no support for the distinction drawn by Judge Paskay in *Bilzerian*. Plaintiff points to various case law which recognizes the standing of various agencies to bring nondischargeability actions. *See, e.g., In re Taite*, 76 B.R. 764, 771 (Bankr. C.D.Cal.1987) (State of California entitled to bring nondischargeability complaint for restitution under state statute that also provides private right of action to injured consumers); *In re Smith*, 39 B.R. 690, 693 (Bankr.N.D.Ill. 1984) (holding Attorney General had standing under Section 523(c), although "[u]nlike the Board in *Nathanson*, the Attorney General of Illinois is not the only party entitled to enforce the Consumer Fraud Act," and finding the distinction to be "without significance").

The Court agrees that a private right of action does not strip the Commission of standing to enforce the federal securities laws through nondischargeability actions. Indeed, the private individual's claim is fundamentally different from that of the Commission, and bears different elements of

---

1. Maio was ordered to pay into the Treasury of the United States of $192,716.04, as prejudgment interest. Maio together with one of two code-fendants was ordered to pay cumulative prejudgment interest of $47,492.15.

proof. The Court finds that to deny the Commission the right of a creditor to bring a nondischargeability complaint would unduly hinder enforcement of the Securities Act and would be contrary to legislative intent.

In accordance with the foregoing, the Court does hereby **DENY** the defendant's Motion to Dismiss.

**IT IS SO ORDERED.**