**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-20775

IN THE MATTER OF: CHERRY C DAVIS, Debtor

- - - - - - - - - - - - - - - - - - - - -

DEBBIE FEZLER, Administratrix of the Estate of RICHARD D FEZLER, Deceased,

Appellant,

VERSUS

CHERRY C DAVIS,

Appellee.

Appeal from the United States District Court
For the Southern District of Texas, Houston Division

October 27, 1999

Before REAVLEY, HIGGINBOTHAM and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

This appeal arises from the dismissal of Appellant's complaint objecting to the Chapter 7 discharge of Texas wrongful death claims against Appellee. The district court decided that Appellant, as Administratrix of the decedent's estate, lacked standing under the Bankruptcy Code to object to the discharge. For the reasons assigned, we conclude that Appellant enjoyed the requisite standing, and, accordingly, we reverse and remand.

1

## I. FACTS AND PROCEDURAL HISTORY

In January 1990, Cherry C. Davis (Debtor) shot and killed her husband, Richard D. Fezler (Decedent). Debbie Fezler, daughter of the decedent and Administratrix of his estate, filed a wrongful death claim in Texas State Court. Under the Texas wrongful death statute, Ms. Fezler, as Administratrix, was required to bring and prosecute the action because none of the children and parents of the deceased began such an action within three months after the decedent's death.[1] On March 2, 1995, the Debtor commenced Chapter 7 Bankruptcy proceedings. Debbie Fezler, in her capacity as Administratrix, filed an Adversary Complaint in the Bankruptcy Court objecting to the dischargeability of debts owing to the wrongful death beneficiaries. In the complaint's caption only Ms. Fezler, as Administratrix, was named as plaintiff. However, within the body of the complaint all wrongful death beneficiaries were so named: Debbie Fezler (daughter); Susan Fezler (daughter); Thomas Fezler (son); Allyson Fezler (daughter); Wayne Fezler (father);

---

[1]Tex. Civ. Prac. & Rem. § 71.004 provides:
(a) An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.
(b) The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all.
(c) If none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator *shall* bring and prosecute the action unless requested not to by all those individuals (emphasis added).

2

Hazel Fezler (mother). Ms. Fezler based the objection upon the Debtor's willful and malicious acts which, as provided in 11 U.S.C. § 523(A)(6), are not dischargeable.

On May 18, 1995, the Debtor filed an original answer to the complaint to determine the dischargeability of debts. On June 30, 1995, the Debtor received a discharge of all debts. The district court withdrew the bankruptcy reference on July 28, 1995. The Debtor, on March 18, 1998, filed an amended answer to the complaint to determine dischargeability of debts and a motion for summary judgment alleging that as Administratrix, Debbie Fezler lacked standing to bring a complaint objecting to the discharge. The motion was predicated upon 11 U.S.C. § 523(c)(1) alleging that Ms. Fezler, in that capacity, was not a "creditor to whom payment is owed" and, therefore, not a real party in interest. Ms. Fezler filed an answer to the motion for summary judgment asserting that as Administratrix she had standing to bring the nondischargeability complaint and praying alternatively for an opportunity to join the wrongful death beneficiaries as proper party plaintiffs under Federal Rule of Civil Procedure 17(a). The district court, on August 6, 1998, granted summary judgment for the Debtor and issued a "take nothing" final judgment. In so doing, the district court concluded that Ms. Fezler, as Administratrix, was not a creditor of the Debtor and thus not a proper party plaintiff to bring the nondischargeability complaint. The district court also denied Ms. Fezler's plea for joinder as untimely and for the reason that Rule

3

17(a) was inapplicable in that context because the initial plaintiff was not one to whom the Debtor owed a debt.[2]

Ms. Fezler appealed and argues that as Administratrix she has capacity to bring the complaint and, alternatively, that Rule 17(a) required the district court to allow her a reasonable time to amend the complaint to join the wrongful death beneficiaries as proper party plaintiffs. We conclude that Ms. Fezler has standing to bring the nondischargeability complaint as Administratrix, reverse the dismissal, and remand for further proceedings. Consequently, we need not reach or consider the possible application of the ratification and joinder provisions of Rule 17(a).

## II. DISCUSSION

We review the district court's summary judgment de novo. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Todd v. AIG Life Ins. Co., 47 F.3d 1448, 1451 (5th Cir.

---

[2]Fed.R.Civ.P. 17(a) provides: Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest (emphasis added).

4

1995).  This appeal presents an issue of law -- whether, as Administratrix, Ms. Fezler has standing to object to the discharge of the Debtor's wrongful death debts.

Exceptions to discharge should be construed in favor of debtors in accordance with the principle that provisions dealing with this subject are remedial in nature and are designed to give a fresh start to debtors unhampered by pre-existing financial burdens. See Lines v. Frederick, 400 U.S. 18, 19 (1970); Gleason v. Thaw, 236 U.S. 558, 562 (1915); 4 Collier on Bankruptcy, ¶ 523.05 at 523-20.  However, bankruptcy courts are not to be used as "a haven for wrongdoers." In re DeFelice, 77 B.R. 376, 378 (Bankr. D. Conn. 1987)(citing In re Berry Estates, 812 F.2d 67, 71 (2d Cir. 1987)(in turn citing In re Flight Transp. Corp. Securities Litigation, 730 F.2d 1128, 1136-37 (8th Cir. 1984), cert. denied, 469 U.S. 1207 (1985); In re Teltronics, Ltd., 649 F.2d 1236, 1239-42 (7th Cir. 1981)); 3 Collier on Bankruptcy, ¶ 362.05[1] at 362-47) (bankruptcy is not a means of sheltering debtors from the consequences of their criminal acts).  Rather, "[o]ne of the primary purposes of the Bankruptcy Act is to 'relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh . . . .'" Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934) (citing Williams v. U.S. Fidelity & Guaranty Co., 236 U.S. 549, 554-55 (1915)); see also 1 Epstein, Nickles & White, Bankruptcy § 1-4, p.7 (1992)(citing Local Loan Co. v. Hunt, 292 U.S. at 244); Weintraub & Resnick, Bankruptcy Law Manual § 1.02

5

(4th ed. 1996)(there are many caveats which must be carefully considered by the debtor before plunging into bankruptcy to pursue complete forgiveness of all debts with little or no cost or obligation).  This purpose is a matter of both public and private interest as it gives to the "honest but unfortunate debtor" who surrenders his property a new opportunity in life unhampered by pre-existing debt.  Local Loan Co., 292 U.S. at 244 (citations omitted).

Moreover, bankruptcy and state law are accommodated by a judicially created concept of deference to state policies that do not conflict with federal law.  See Kelly v. Robinson, 479 U.S. 36, 49 (1986) (concerns for federalism must influence interpretation of the Bankruptcy Code); Midlantic Nat'l Bank v. New Jersey Dep't of Environmental Protection, 474 U.S. 494, 505-07 (1986) (Congress did not intend by the Bankruptcy Code for the trustee's abandonment power to abrogate state and local laws reasonably designed to protect public health and safety).

Section 523(c)(1) provides that, subject to an exception not pertinent to this appeal, "the debtor shall be discharged from a debt [for willful and malicious injury], unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge."  11 U.S.C. § 523(c)(1).  Ms. Fezler's adversarial complaint objecting to discharge is premised upon 11 U.S.C. § 523(a)(6): "A discharge

under [chapter 7] of this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." The Debtor relies upon § 523(c)(1) in arguing that Ms. Fezler, in her capacity as Administratrix, is not a wrongful death beneficiary and thus not a "creditor to whom such debt is owed." See 11 U.S.C. § 523(c)(1).

The only requirement for standing to bring a nondischargeability action based on § 523(a)(6) is that the action must be brought by a creditor. 11 U.S.C. § 523(c). A creditor is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment . . . ." 11 U.S.C. § 101(5)(A). As Administratrix of the estate of the deceased, Ms. Fezler has been granted a claim and the right to payment against the debtor by state law. See Tex. Civ. Prac. & Rem. § 71.004(c). For the reasons hereinafter assigned, we conclude that Ms. Fezler is a creditor with standing to object to the discharge of the Texas wrongful death claim.

In Nathanson v. National Labor Relations Board, a landmark Supreme Court case identifying the characteristics of a creditor, the Court held that the National Labor Relations Board (NLRB) was a creditor within the meaning of the Bankruptcy Act, and therefore had standing to bring a cause of action against a bankrupt employer

7

for back pay owed its employees.  344 U.S. 24, 27 (1952).  The Court noted that the NLRB was the "public agent chosen by Congress to enforce the National Labor Relations Act."  Id.  The back pay award was a debt owed the NLRB, even though it was ultimately to be distributed to the employee-victims.  Id.  Implicit in the Court's holding is that denying creditor status to the NLRB would frustrate its ability "to vindicate the public policy of the [National Labor Relations Act] by making the employees whole for losses suffered on account of an unfair labor practice."  Id. (citing Phelps Dodge Corp. v. National Labor Relations Bd., 313 U.S. 177, 197 (1941)).

Bankruptcy Courts have held that, much like the NLRB, the Securities and Exchange Commission (SEC), as the agency chosen by Congress to enforce the Securities Act, has standing as creditor to bring actions under § 523(c) of the Bankruptcy Code to have judgments for securities violations declared nondischargeable. Securities and Exchange Comm'n v. Kane, 212 B.R. 697, 700 (Bankr. D. Mass. 1997); Securities and Exchange Comm'n v. Maio, 176 B.R. 170, 171 (Bankr. S.D. Ind. 1994).

Under Texas law, Ms. Fezler, the Administratrix, is the judicially appointed officer chosen and authorized by law to enforce a claim and right to payment under the Texas Wrongful Death statute.  See Tex. Civ. Prac. & Rem. § 71.004(c).  Therefore, as Administratrix, Ms. Fezler has standing in a § 523(c) adversarial proceeding to have the wrongful death claim declared nondischargeable.  That the Administratrix has authority to bring

8

suit in her own name and capacity for the ultimate benefit of others, in the absence of their own actions, and that the Administratrix is not the final recipient of all the monies owed does not affect her standing. See Nathanson, 344 U.S. at 27; Kane, 212 B.R. at 700; Maio, 176 B.R. at 171-72. Moreover, denial of the Administratrix of the right to bring nondischargeability complaints would unduly hinder the State of Texas in its ability to implement and enforce its wrongful death law. Cf. Nathanson, 344 U.S. at 27; Maio, 176 B.R. at 172.

The district court's narrow interpretation of § 523(c)(1) fails to take into account the analogous jurisprudence recognizing that federal administrative agencies by virtue of their authority to enforce the administrative law are creditors in their own right with standing to object to discharge in the enforcement of federal statutory provisions, even though the agencies may not be the ultimate recipients of the debt payments. See, e.g., Kane, 212 B.R. at 700 (SEC is creditor with standing under § 523(c) to object to discharge of disgorgement debts); In re Egea, 236 B.R. 734, 744-45 (Bankr. D. Kan. 1999)(Secretary of Labor is creditor with standing to object to the discharge of claim against employer-debtor for breach of fiduciary duties under ERISA); Securities and Exchange Comm'n v. Bilzerian, 1995 WL 934184, p.2 (M.D. Fla. 1995) (SEC is creditor with standing to object to bankruptcy discharge of disgorgement judgment); Maio, 176 B.R. at 171 (SEC has standing to enforce federal securities laws through bankruptcy

9

nondischargeability complaint); In re Austin, 138 B.R. 898, 904-05 (Bankr. N.D. Ill. 1992)(Federal Trade Commission (FTC) is creditor under § 523(c) with respect to debtor's liability on a consent judgment to make restitution to defrauded customers); In re Black, 95 B.R. 819, 823 (Bankr. M.D. Fla. 1989)(FTC is creditor with standing to file a nondischargeability complaint as to debtor's liability in a pending lawsuit based on alleged violations of the Federal Trade Commission Act and Truth and Lending Act); 2 Collier on Bankruptcy, ¶ 101.10 at 101-55; cf. In re W. Tex. Marketing Corp., 82 B.R. 829, 830 (Bankr. N.D. Tex. 1988)(Department of Energy (DOE) is a creditor for purposes of filing a proof of claim for restitution); In re Evans Products Co. 60 B.R. 863, 867 (S.D. Fla. 1986) (FTC is a creditor for purposes of filing proof of claim). The agencies need not be the only party entitled to enforce the Acts as their standing as creditors in the nondischargeability actions obtains regardless of whether the actual beneficiaries were authorized under federal law to prosecute the action in their own right. See Bilzerian, 1999 WL 934184 at p. 3 (the SEC does not lack standing in the nondischargeability action because private parties can bring damage actions under the Securities and Exchange Act); Maio, 176 B.R. at 171-72 ("a private right of action does not strip the Commission of standing to enforce federal securities laws through nondischargeability actions").

Similarly, state officers or local entities, when authorized

10

by law, may object to the discharge of debts in bankruptcy on behalf of others. See, e.g., In re Taibbi, 213 B.R. 261, 267 (Bankr. E.D.N.Y. 1997)(county consumer protection agency, as the agency chosen by Suffolk County in its Consumer Protection Law to investigate fraud and deceptive trade practices perpetrated against county consumers and having the power to seek equitable relief such as restitution, has standing under § 523(c)); In re Volpert, 175 B.R. 247, 255-56 (Bankr. N.D. Ill. 1994)(the Illinois Securities Law provides sufficient statutory authority for the Secretary of State to maintain chapter 7 nondischargeability action under § 523(c) on behalf of allegedly defrauded Illinois investors); In re Tapper, 123 B.R. 594, 599 (Bankr. N.D. Ill. 1991)(Illinois Attorney General has standing under § 523(c) to file adversary complaint to determine nondischargeability of debts owed by debtor to 20 consumer fraud victims for violations of the Illinois Consumer Fraud Act because the Act authorizes the Attorney General to proceed on their behalf in seeking restitution damages); In re DeFelice, 77 B.R. 376, 378-80 (Bankr. D. Conn. 1987)(Attorney General has standing to challenge dischargeability of chapter 7 debtor's debts owing to consumer creditors for alleged violations of New York Executive Law); In re Sclater, 40 B.R. 594, 596 (Bankr. E.D. Mich. 1984)(Michigan Attorney General has standing to file complaint seeking determination of nondischargeability of debts owed under the Michigan Consumer Protection Act); People of the State of New York v. Hemingway, 39 B.R. 619, 622 (N.D.N.Y.

11

1983)(Attorney General has standing under § 523(c) to object to the discharge in bankruptcy of restitution payments to six consumers for violations of state consumer protection laws); 9B Am. Jur. 2d Bankruptcy § 3178 (1991); compare In re Cannon, 741 F.2d 1139, 1141 (8th Cir. 1984) (the Attorney General of Missouri lacked standing to object to the discharge of debts owed by the debtor to eight individuals under the Missouri Merchandising Practicing Act because the Act did not grant him authority to sue on behalf of private individuals in a private action to seek the restitution payments; rather, the Attorney General could only seek an injunction on behalf of the state itself prohibiting the underlying unlawful practice).[3]

---

[3]As further evidence that the district court's interpretation of § 523(c) was erroneously narrow, a line of bankruptcy cases hold that a class representative in a certified class action may request on behalf of the class that the debts owed class members be excepted from discharge in bankruptcy. See, e.g., In re Iommazzo, 149 B.R. 767, 773-75 (Bankr. D. N.J. 1993)(class actions are permitted by Fed.R.Bankr.P. 7023 in chapter 7 adversary proceedings under Bankruptcy Code § 523(c) to preclude discharge of debts for alleged violations of securities law and fraud); In re Livaditis, 132 B.R. 897, 900-01 (Bankr. N.D. Ill. 1991)(class plaintiffs allowed to bring chapter 11 nondischargeability complaint under § 523(c) objecting to discharge of a federal court judgment for violations of the Illinois Consumer Fraud Act and the federal Rackateer Influence and Corrupt Organization Act); In re Duck, 122 B.R. 403, 405 (Bankr. N.D. Cal. 1990)(complainant in chapter 11 nondischargeability action was a class representative of a certified class in a state court action suing debtor and co-conspirators for breach of fiduciary duties in their embezzlement from various bankruptcy estates); 6A Norton Bankruptcy Law & Practice 2d § 154:14.5 (class actions by creditors seeking a determination of nondischargeability will be allowed in bankruptcy cases so long as Fed.R.Civ.P. 23 is satisfied); But see In re Hanson, 104 B.R. 261 (Bankr. N.D. Cal. 1989)(class dischargeability actions under § 523(c) are not allowed due to strict reading of that provision).

The common thread running through the foregoing cases is that an entity with statutory authority to prosecute and collect a claim against the debtor, even if other persons are entitled to ultimate payment on the claim, is a creditor in its own right, absent a statutory provision to the contrary. Applying this principle, Ms. Fezler, as Administratrix, by Texas law has a wrongful death claim against the Debtor and is, in her capacity as Administratrix, a creditor under § 523(c).

The Bankruptcy Code provides that "'debt' means liability on a claim." 11 U.S.C. § 101(12). The Supreme Court has held that the plain meaning of a "debt" or "claim" is "nothing more or less than an enforceable obligation." Pennsylvania Public Welfare Dep't v. Davenport, 495 U.S. 552, 559 (1990) (a criminal restitution order is a claim giving rise to a debt under the Bankruptcy Code regardless of the government's objectives in imposing the obligation); 2 Collier on Bankruptcy, ¶ 101.05[1], at 101-26 (Congress intended to adopt the broadest available definition of the term "claim," and, according to the Supreme Court in Davenport, it is coextensive with the term "debt"); Southmark Corp. v. Schulte, Roth, & Zabel (In re Southmark Corp.), 88 F.3d 311, 317 (5th Cir. 1996)(the terms 'debt' and 'claim' are coextensive). Hence, a creditor is an entity with the right to enforce a legal obligation of payment against the debtor. See Egea, 236 B.R. at 744; Austin, 138 B.R. at 903; Black 95 B.R. at 823; Evans, 60 B.R. at 867-68.

That the Code's definition refers to a creditor as "an entity who *has* a claim against the debtor" is significant. 11 U.S.C. § 101(10)(A) (emphasis added).  "As a result, and in contrast to prior law under Section 1 of the Act, a creditor is no longer required to *own* the claim."[4]  2 Collier on Bankruptcy, ¶ 101.10 at 101-55 (emphasis in original).  Under the Bankruptcy Code, "whenever the statute accords rights and privileges to creditors or subjects them to duties, anyone holding a claim comes within the scope of such provision, unless the express language or the context require additional qualifications to be met."  Id. at 101-52.  As neither the express language nor the context of § 523(c) require additional qualifications in the present case, Ms. Fezler, as Administratrix, has a claim against the Debtor, and she is in that capacity a creditor for purposes of this provision.

Moreover, Califano v. Yamasaki illustrates that the Federal Rules of Civil Procedure apply in all suits of a civil nature brought in federal court absent a direct expression by Congress of contrary intent.  442 U.S. 682, 699-700 (1979).  In Califano, the Supreme Court held that a class action could be maintained under §

---

[4]"For example, the United States is a creditor not only with respect to public exactions for revenue purposes such as income taxes, but also with respect to statutory obligations enforceable by a federal administrative agency in the public interest for the benefit of private parties."  2 Collier on Bankruptcy, supra at 101-55.  Black's Law Dictionary defines creditor: "3. Bankruptcy. A person or entity having a claim against the debtor predating the order for relief concerning the debtor."  Black's Law Dictionary 375 (7th ed. 1999).  See also U.C.C. § 1-201(12) ("creditor" includes a general, secured, and lien creditor and any representative of creditors).

14

205(g) of the Social Security Act even though that provision's express terms contemplated suits filed by individuals. 422 U.S. at 700. The Court stated:

> Section 205(g) contains no express limitations on class relief. It prescribes that judicial review shall be by the usual type of "civil action" brought routinely in district court in connection with the array of civil litigation. Federal Rule [of Civil Procedure] 1, in turn, provides that the Rules "govern the procedure in the United States district courts in all suits of a civil nature." Those rules provide for class actions of the type certified in this case. In the absence of a direct expression by Congress of its intent to depart from the usual course of trying "all suits of a civil nature" under the Rules established for that purpose, class relief is appropriate in civil actions brought in federal court . . . .
>
> We do not find in § 205(g) the necessary clear expression of congressional intent to exempt actions brought under that statute from the operation of the Federal Rules of Civil Procedure. The fact that the statute speaks in terms of an action brought by "any individual" or that it contemplates case-by-case adjudication does not indicate that the usual Rule providing for class actions is not controlling, where under that Rule certification of a class action otherwise is permissible. Indeed, a wide variety of federal jurisdictional provisions speak in terms of individual plaintiffs, but class relief has never been thought to be unavailable under them. It is not unusual that § 205(g), like these other jurisdictional statutes, speaks in terms of an individual plaintiff, since the Rule 23 class-

15

> action device was designed to allow an exception to the
> usual rule that litigation is conducted by and on behalf
> of the individual named parties only.

Id. at 700-01 (internal citations omitted).

Similarly, Bankruptcy Rule 7017 provides, with one exception not pertinent here,[5] that "Rule 17 F.R.Civ.P. applies in adversary proceedings." Fed.R.Bankr.P. 7017. The first sentence in Rule 17 states that while every action shall be prosecuted in the name of the real party in interest, "[a]n executor [or] administrator may sue in that person's own name without joining the party for whose benefit the action is brought." Fed.R.Civ.P. 17(a). This provision authorizes an executor or administrator to bring suit as the real party in interest on behalf of a decedent's estate. 4 Moore's Federal Practice, § 17.10[3][b] (Matthew Bender 3d ed.). Rule 17(a) designates executors and administrators as real parties in interest who need not join as plaintiffs the persons for whose benefit the wrongful death action is brought, when state substantive law vests control of the suit in that fiduciary. See 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1548. This result obtains whether the suit is brought in state or federal court. Id.

The second sentence of Rule 17(a) states that "a party authorized by statute may sue in that person's own name without

---

[5]The exception relates to actions under Bankruptcy Rule 2010(b) by any party in interest brought in the name of the United States on a trustee's bond. F.R.Bankr.P. 7017.

joining the party for whose benefit the action is brought," Fed.R.Civ.P. 17(a). Thus, an entity is the real party in interest when it is statutorily authorized to bring suit to enforce a claim. Wright & Miller, supra at § 1550; Estate of Johnson v. Belleville Hosp. 56 F.R.D. 380, 384 (S.D. Tex. 1972)(executor of estate has authority under Texas wrongful death statute to bring wrongful death suit on behalf of statutory beneficiaries six months after death of deceased and is within scope of Rule 17(a) such that he need not join the beneficiaries as plaintiffs). The statutory right to sue must stem from the substantive law controlling the action and may be granted by either state or federal law. Wright & Miller, supra at § 1550. In the present case, the Texas wrongful death statute is the substantive law that controls and grants the Administratrix the right to sue.

Absent a direct expression of Congress prohibiting a nondischargeability action by an administratrix, the normal rules of civil procedure, including Rule 17(a), are to be applied. See In re Livaditis, 132 B.R. 897, 900 (Bankr. N.D. Ill. 1991)(Bankruptcy Rule 7023 provides that Federal Civil Procedure Rule 23 regarding class actions applies in adversary proceedings and contains no exceptions for dischargeability actions); In re Duck, 122 B.R. 403, 405-06 (Bankr. N.D. Cal. 1990) (same) (citing In re Charter, 876 F.2d 866, 872 (11th Cir. 1989) in turn citing and quoting Califano, 442 U.S. at 700). In making Rule 17(a) applicable to adversary proceedings in bankruptcy, Rule 7017 makes

17

no exception with respect to nondischargeability actions. Section 523(c) is likewise silent in this regard. As the Supreme Court stated in an analogous context, we do not find in § 523(c) "the necessary clear expression of congressional intent to exempt actions brought under that statute from the operation of the Federal Rules of Civil Procedure." Califano, 442 U.S. at 700. As a result, Ms. Fezler, as Administratrix, was authorized by both Texas and federal statutory law to sue on behalf of the wrongful death beneficiaries in both the wrongful death action and in the nondischargeability action without the necessity of naming them as plaintiffs. See Tex. Civ. Prac. & Rem. § 71.004; Fed.R.Bankr.P. 7017; Fed.R.Civ.P. 17(a).

Accordingly, we conclude that, as Administratrix, Ms. Fezler is in her own right "a creditor to whom such [wrongful death] debt is owed" under the Bankruptcy Code for purposes of § 523(c) and has standing to object to the discharge of the wrongful death claims in bankruptcy.


III. CONCLUSION

For the foregoing reasons, we REVERSE the district court's judgment dismissing Appellant's nondischargeability complaint and REMAND the case to the district court for further proceedings consistent with this opinion.

18