# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20518

United States Court of Appeals
Fifth Circuit

**FILED**

April 23, 2019

Lyle W. Cayce
Clerk

In Re: Daniel Clark, IV,

> Debtor

ALISHA PATE; YVONNE CLARK-THIGPEN,

> Appellants

v.

RODNEY D. TOW, Trustee; DANIEL CLARK, IV,

> Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before KING, SMITH, and WILLETT, Circuit Judges.

PER CURIAM:

Alisha Pate and Yvonne Clark-Thigpen assert claims for child support arrearages against Daniel Clark. Although Clark filed for bankruptcy, Pate and Clark-Thigpen claim that they never received notice of his bankruptcy case. As a result, they argue they were denied the opportunity to file timely proofs of claim. The bankruptcy court found that the Illinois Department of Healthcare and Family Services, from which Pate and Clark-Thigpen had sought child support enforcement services, had received timely notice and ultimately afforded their claims distribution status under 11 U.S.C.

No. 18-20518

§ 726(a)(2). The district court affirmed the bankruptcy court's decision. Pate and Clark-Thigpen now appeal to this court. We AFFIRM.

## I.

Daniel Clark owes Alisha Pate and Yvonne Clark-Thigpen large sums of child support—$58,257 and $242,550, respectively. Pate and Clark-Thigpen both sought enforcement services from the Illinois Department of Healthcare and Family Services (the "Department") for their child support claims. Thus, when Clark filed for Chapter 7 bankruptcy, he listed the Department as an unsecured creditor in his bankruptcy schedules. Clark also listed Pate in his bankruptcy schedules, but he provided the wrong address. And he omitted Clark-Thigpen entirely.

Pate and Clark-Thigpen contend that they never received notice of the bankruptcy case as required by Federal Rule of Bankruptcy Procedure 2002(a). Nor did they receive a summary of the trustee's final report as required by Rule 2002(f). Instead, the Chapter 7 trustee mailed the summary of the trustee's final report to all creditors, including the Department, on July 19, 2014. The report stated that, after the payment of Clark's secured and administrative claims, only $71,028.27 remained in his estate. The trustee distributed that remaining amount to two of Clark's five unsecured priority creditors who had timely filed proofs of claim, as required by 11 U.S.C. §§ 507 and 726(a).

Pate and Clark-Thigpen argue that they should have been included in this group of priority creditors but were denied the opportunity to participate in the bankruptcy proceedings because the trustee never provided them with notice of the bankruptcy case or his final report. Instead, on August 4, 2014, they each learned of the bankruptcy case from another of Clark's ex-wives. Upon learning of the bankruptcy, each woman contacted the Department. Christine Schmidt, the Department's bankruptcy manager, told them that the Department would file the proofs of claim for them. Schmidt filed the claims

on August 12, 2014. On each proof of claim, Schmidt listed the Department as the creditor and stated that the basis of the claim was "[c]hild support arrears owed thru [sic] [the Department]."

The trustee objected to Pate's and Clark-Thigpen's proofs of claim as tardily filed, which the bankruptcy court sustained after a hearing. Thus, the bankruptcy court denied priority status to Pate's and Clark-Thigpen's claims under § 726(a)(1), but it allowed them to proceed as general unsecured claims pursuant to § 726(a)(3). Pate and Clark-Thigpen moved for reconsideration. After another hearing, the bankruptcy court granted the motion in part. It allowed Pate's and Clark-Thigpen's claims as tardily-filed claims entitled to distribution under § 726(a)(2), as opposed to § 726(a)(3), finding that the Department had withheld notice of the bankruptcy from them. But it again declined to allow the claims under § 726(a)(1). During these proceedings, the Department filed a statement asserting that it was a creditor entitled to file a proof of claim.

Classifying Pate's and Clark-Thigpen's claims under § 726(a)(2) has the same effect as classifying them under § 726(a)(3)—they are still unable to recover due to the lack of funds in Clark's estate. Pate and Clark-Thigpen appealed to the district court, which affirmed the bankruptcy court's decision. They now appeal to this court.

## II.

When reviewing an appeal from a district court's review of a bankruptcy court's ruling, we apply "the same standard of review to the bankruptcy court decision that the district court applied." *Living Benefits Asset Mgmt., L.L.C. v. Kestrel Aircraft Co. (In re Living Benefits Asset Mgmt., L.L.C.)*, 916 F.3d 528, 532 (5th Cir. 2019) (quoting *Galaz v. Galaz (In re Galaz)*, 765 F.3d 426, 429

No. 18-20518

(5th Cir. 2014)). "Thus, this court reviews factual findings for clear error and legal conclusions *de novo*." *Id.* (quoting *Galaz*, 765 F.3d at 429).

### III.

Pate and Clark-Thigpen first contest the bankruptcy court's application of § 726(a)(1), which states:

> (a) Except as provided in section 510 of this title, property of the estate shall be distributed--
>
> (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed on or before the earlier of--
>
> (A) the date that is 10 days after the mailing to creditors of the summary of the trustee's final report; or
>
> (B) the date on which the trustee commences final distribution under this section . . . .

Pate and Clark-Thigpen argue that the ten-day deadline to file proofs of claim only begins to run when the creditor receives the summary of the trustee's final report; thus, because the trustee did not mail them the summary, they argue that § 726(a)(1)'s ten-day filing deadline did not begin to run against them. Although they concede that the report was properly mailed to the Department, they argue that they did not appoint the Department as their agent for the purpose of accepting the trustee's report. And regardless of whether their proofs of claim were timely, they contend that their claims must be classified under § 726(a)(1) because they are priority claims under § 507. Finally, if the court determines that their claims were untimely filed, they argue that § 726(a)(1) violates their right to due process under the Fifth Amendment because it can be interpreted to deny priority status to a known creditor who was not given notice of the bankruptcy case.

No. 18-20518

These arguments are all predicated on the assumption that Pate and Clark-Thigpen were Clark's creditors. Although Pate and Clark-Thigpen stated at oral argument that there was no dispute over whether they were creditors, we do not find the answer to be so clear. The Code defines "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10). The Code defines "claim" as the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." § 101(5)(A). Interpreting § 101(5)(A), the Supreme Court has instructed that the "'right to payment' [means] nothing more nor less than an enforceable obligation." *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (alteration in original) (quoting *Pa. Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 559 (1990), *superseded by statute on other grounds*, Criminal Victims Protection Act of 1990, Pub. L. No. 101-581, § 3, 104 Stat. 2865). Accordingly, we must consider whether Pate and Clark-Thigpen had enforceable obligations against Clark. This determination "requires an analysis of interests created by non-bankruptcy substantive law." *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1274 (5th Cir. 1994) (quoting *In re Nat'l Gypsum Co.*, 139 B.R. 397, 405 (N.D. Tex. 1992)).

During the bankruptcy court's hearing, Pate and Clark-Thigpen argued that they are creditors because after the Department collects the money, the Department gives the money to Pate and Clark-Thigpen. But the ultimate right to receive the funds is not dispositive to our analysis; instead we must consider whether Pate and Clark-Thigpen could enforce Clark's child support obligation against him.

Illinois law suggests that the Department, rather than Pate and Clark-Thigpen, has the sole authority to collect money from Clark. Illinois provides

child support obligation enforcement services through the Department. *See* 305 Ill. Comp. Stat. 5/12-1. Under Illinois law, when a custodial parent receives enforcement services from the Department, the non-custodial parent must make all child support payments to the state disbursement unit, rather than to the custodial parent. 750 Ill. Comp. Stat. 5/507.1.

At the bankruptcy court's hearing, Schmidt testified that when a custodial parent requests enforcement assistance, all child support must be paid to the Department. The Department confirmed this interpretation in its separately filed statement, averring that "[u]nder Illinois law, the Department itself must collect child support for later disbursement to parents, so the Department was properly a 'creditor' on [Pate's and Clark-Thigpen's] [c]laims." Although Schmidt also testified that a custodial parent receiving enforcement assistance with child support could receive payments directly from the noncustodial parent, she noted that these payments are a "one-time credit" and if a noncustodial parent tried to make a direct payment a second time, "a credit would not be given on his child support case and he would been [sic] sent a letter stating it has to go judicially." This conforms with our reading of Illinois law.

Both Pate and Clark-Thigpen sought enforcement of their claims through the Department, and they admit in their briefing that they have authorized the Department to "receive and disburse child support payments." Pate and Clark-Thigpen could not seek child support payments from Clark by themselves; under Illinois law, Clark would have had to make any payments to the Department. And tellingly, when Pate and Clark-Thigpen first learned of the bankruptcy, they turned to the Department, rather than filing proofs of claim on their own. Thus, the Department is the creditor because it has the right to enforce Pate and Clark-Thigpen's child support obligations against Clark. *Cf. Fezler v. Davis (In re Davis),* 194 F.3d 570, 574-75 (5th Cir. 1999)

6

(recognizing that a creditor may be a person who pursues a debt on another's behalf, even though the payment will ultimately be distributed to another party).

Pate and Clark-Thigpen argue that they are also creditors entitled to notice. But again, Pate and Clark-Thigpen have handed to the Department the ability to enforce Clark's child support obligations. Thus, they cannot be his creditor as defined by the Bankruptcy Code. We acknowledge that "Congress intended the term 'claim' to be given broad interpretation." *Lemelle*, 18 F.3d at 1275. But we have also stated that the purpose of this breadth is "so that 'all legal obligations of the debtor, no matter how remote or contingent will be able to be dealt with in the bankruptcy case.'" *Id.* (quoting H.R. Rep. No. 95-595, at 309 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 6266). Clark's legal obligation to Pate and Clark-Thigpen is "dealt with" by the Department. Therefore, the Department is properly the creditor for the purposes of Clark's child support obligations to Pate and Clark-Thigpen.

Finally, Pate and Clark-Thigpen argue that § 726(a)(1)(A)'s ten-day claim filing deadline restarted when the Chapter 7 trustee filed his amended report and, therefore, the Department's proofs of claim should be given priority. To adopt Pate and Clark-Thigpen's approach would render § 726(a)(1) meaningless, giving every claim priority status upon amendment of the trustee's final report. Thus, we decline to find that the trustee's amendment to his final report restarted the filing deadline.

In sum, Pate and Clark-Thigpen were not creditors, and the clerk was not obligated to provide them with notice. There is no dispute that the clerk properly notified the Department of the pending bankruptcy. And the Department's proofs of claim were untimely. Thus, the bankruptcy court appropriately declined to classify Pate's and Clark-Thigpen's claims under § 726(a)(1).

No. 18-20518

## IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.